PER CURIAM.
These two appeals are by Barbara Dones, formerly known as Barbara Green. She was the defendant in a proceeding brought by her former husband, George Green, in which he sought the custody of the two minor children of their marriage. The first appeal is an interlocutory appeal. It is from an order transferring custody of the two minor children from the appellant mother to the appellee father. Thereafter the appellant filed a full appeal from the same order, presumably because of an abundance of caution. We have consolidated the appeals for briefing and oral argument, and, finding that no error has been demonstrated, we affirm the order appealed.
The appellant presents two major issues. The first urges that the trial judge erred in denying her motion to dismiss for improper venue. The other urges that there was insufficient evidence to support the findings and the order of the trial judge.
The appellant contends that the Florida venue statute (§ 46.01, Fla.Stat. (1965), F.S.A.; § 47.011, Fla.Stat. (1967) F.S.A.) entitles her to be sued in Broward County, the county of her residence. The *920 record shows that the proceedings were begun by the appellee in Dade County during a period when the children were temporarily in his custody in Dade County. It was not error for the trial judge to refuse to transfer the cause, since the children (the subject matter of the cause) were physically present and temporarily domiciled in the county of the forum. See York v. York, Fla.1955, 78 So.2d 406.
We have examined the record in light of the appellant’s contentions regarding the sufficiency and weight of the evidence, and we hold that she has not demonstrated the absence of an evidentiary basis for the findings of the trial judge nor has she shown that the trial judge misconceived the legal effect of the evidence. Therefore it is our duty to affirm the findings of the trial judge. Avery v. Heermance, Fla.App.1962, 138 So.2d 775. Compare Foster v. Sharpe, Fla.App.1959, 114 So.2d 373.
Affirmed.