AYRES, Judge.
This is an action by a wife against her husband for a separation a mensa et thoro and for alimony. The defendant is charged not only with abandonment of his wife but with cruel, violent, and inhuman treatment of her. To plaintiff’s action, defendant first urged an exception to the venue. On the overruling of this exception, defendant answered plaintiff’s demands denying the charges directed to him and, in reconvention, sought a divorce on the ground of adultery or, in the alternative, sought a separation on the ground of defamatory accusations and constant harassment.
After the trial of a rule nisi, plaintiff was awarded alimony pendente lite in the sum of $200 per month. Upon the trial of this cause on its merits, plaintiff was granted a separation from bed and board and was recognized and decreed the owner of an undivided one-half interest in the as *116 sets of the community of acquets and gains theretofore existing between her and the defendant. Defendant’s reconventional demands were impliedly rejected. From the judgment thus rendered and signed on the merits of this cause, defendant appealed.
Logically, for initial consideration, is defendant’s plea on the exception to the venue. The facts bearing upon this question presented may be briefly reviewed.
Plaintiff and defendant were married in the chapel of Barksdale Air Force Base in Bossier City on October 11, 1969. The marriage record reflects that at the time of their marriage both plaintiff and defendant were residents of Bossier Parish, she of Bossier City and he of Benton. Defendant was a captain in the United States Armed Services stationed at Fort Polk, at Lees-ville, Vernon Parish, Louisiana. Following their marriage, these parties established their matrimonial domicile in that city and parish, where they lived together as man and wife until their separation on June IS, 1970. Thereupon, plaintiff was carried by defendant to her father and mother who, by virtue of the father’s military status, were stationed in the State of Indiana.
An important question presented with respect to venue is whether defendant’s conduct and treatment of his wife warranted and justified her establishment of a separate domicile. There is a general rule in the jurisprudence of this State that a wife is authorized to acquire a separate domicile for herself where she is abandoned or is compelled by reason of ill treatment to leave her husband. Bush v. Bush, 232 La. 747, 95 So.2d 298 (1957). See, also, the authorities therein cited.
The trial court held that the intentional nonsupport of the wife by the husband was sufficient cause to permit plaintiff to establish a separate domicile for herself under LSA-C.C. Art. 138(8). With this conclusion, we are in accord. The testimony establishes that from the date of their separation until and including the month of August, 1970, defendant had contributed only $400 to her support; no support whatever was shown to have been contributed thereafter. Of the amount named, $174 was, in accordance with defendant’s intention, used to pay plane fare to Las Vegas, Nevada.
From this conclusion, it becomes unnecessary, in determining plaintiff’s rights to establish a separate domicile, to discuss the questions of abandonment and cruel and inhuman treatment.
From the conclusion that plaintiff had a right to establish a separate domicile, the question arises as to whether plaintiff actually established a domicile in Caddo Parish, which she claims was done at 5887 Jefferson Road. To resolve this question, certain legal principles must be kept in mind. For instance, a person’s domicile is in the parish wherein he has his principal establishment, that is, his habitual residence. LSA-C.C. Art. 38.
“A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one’s principal establishment there.”
LSA-C.C. Art. 41.
In this regard, the Supreme Court of this State, in Succession of Dancie, 191 La. 518, 186 So. 14, 17-18 (1939), pointed out:
“As relates to the establishment of a domicile, the jurisprudence is settled that, if there be a bona fide intent to establish a domicile and a bona fide residence of some sort in a certain place, it is immaterial whether the party live in a boarding-house or in his own home, the two essential elements of acquiring a domicile being actual bona fide residence and the intent to acquire a domicile there. The domicile is fixed as soon as the residence is established with intent to acquire domicile, the duration of the residence being immaterial. Brewster v. *117 Emlet, 168 La. 326, 122 So. 54, and numerous authorities cited.” (Emphasis supplied.)
The premises at 5887 Jefferson Road are owned, and were formerly occupied, by plaintiff’s grandparents as their home. Upon returning to Louisiana from Nevada, where her effort to secure a divorce, as desired and contemplated by both husband and wife, was abandoned, due to defendant’s failure to cooperate, plaintiff moved into the former home of her grandparents where she “deposited” her “belongings” and intended, so she testified, to establish her residence and domicile. Her testimony as to this return was corroborated by the testimony of a disinterested witness, a woman residing in Bossier City with whom plaintiff returned from Las Vegas to Shreveport. Plaintiff’s testimony makes it clear that, in returning to her grandparents’ home, she intended to make it her domicile. Following her husband’s transfer to Vietnam in December, 1970, the assets of their community, including the furniture located at their former residence in Leesville, were transferred to the Jefferson Road address.
Plaintiff’s father, like her husband, was in the military service of the United States. The father, at the time of plaintiff’s and defendant’s separation, was stationed at a base in Indiana. Nevertheless, both father and mother testified that the Jefferson Road address was always considered “home” to them irrespective of where they were stationed in the service. From that address, the mother testified, she had registered to vote since she was 21 years of age. As a minor living with her parents, plaintiff could have no other domicile than that of her parents.
After the institution of this action, plaintiff’s mother’s illness and surgery required that plaintiff return to Indiana temporarily in her mother’s interest. However, inasmuch as plaintiff intended to establish a residence and domicile in Caddo Parish, the urgency of the situation requiring that she return temporarily to Indiana is without effect upon the establishment of her domicile, even though, because of defendant’s failure to support her and the need developing therefrom, she sought and obtained temporary employment for a period of two months.
The exception to the venue was, in our opinion, correctly overruled.
On the merits of this cause, that is, with respect to plaintiff’s demands for a separation, there is no question, as already pointed out, of defendant’s abandonment and failure to support his wife. Nor is there any question of defendant’s cruel and inhuman treatment of his wife. More often than not, in cases of this character, the marital relationship of the parties is disturbed or destroyed by the intervention of a third party—in this instance, an old girl friend of the defendant to whom defendant turned his affection. The marital relationship between plaintiff and defendant was terminated by defendant when, upon returning home from his day’s assignment, he announced to plaintiff that he was not going to live with her any longer and that he would take her to her parents.
We find no manifest error in the trial court’s conclusions on any of the points or questions involved. The proof is ample to support plaintiff’s demands for a separation.
The trial court, for reasons assigned in writing, and which need not be repeated here, denied defendant’s reconventional demands as not having been established to that degree of legal certainty prescribed and required by law. We find no error in his so doing.
For the reasons assigned, the judgment appealed is accordingly affirmed at defendant-appellant’s costs.
Affirmed.