LILES, Judge.
Appellant Hopie Arnold petitioned the Circuit Court in and for Hillsborough County for dissolution of marriage. The trial judge granted appellee Holly Arnold’s motion for a change of venue to Polk County the place of his residence. Mrs. Arnold takes this interlocutory appeal.
Florida Statutes § 47.011, F.S.A. provides that actions may be brought where the defendant resides, where the cause of action accrued, or where the property in litigation is located. There is no property to be litigated.
Does the place where the marriage is alleged to have become irretrievably broken constitute the locus of the cause of action under the venue statute? This question has not heretofore been decided since the amendment of Chapter 61, Fla. Stat. (1971), providing for the dissolution of marriage. However, we hold that the place of the cause of action alleged by the petitioner is sufficient; and, where contested, the locus of the cause of action must be decided by the judge consistent with Fla.Stat. § 47.011.
Since the facts are not in dispute in this appeal, we have only the question of where the marriage became irretrievably broken, thereby creating a cause of action under the venue statute.
Petitioner alleged that her husband came to her place of employment in Hillsbor-ough County, after she had removed herself from the marital residence in Polk County, and caused her undue embarrassment and threatened to do it again. It was after these visits that she filed her petition. It therefore appears that the cause of action arose in Hillsborough County, and the trial judge erred in transferring venue to Polk County. See, Bannerman v. Bannerman, 204 So.2d 234 (3d D.C.A.Fla.1967), cert. dismissed 210 So.2d 220 (Fla.1968).
Reversed and remanded for action consistent with this opinion. ,
MANN, C. J., and HOBSON, J., concur.