BOLIN, Judge.
Plaintiff, alleging she was domiciled and residing in Claiborne Parish, Louisiana, instituted suit in that parish on March 11, 1974, for separation from bed and board against her husband, John L. Watts, Jr., domiciled and residing in Lincoln Parish, Louisiana. Petitioner alleges, as grounds for suit, that she is in necessitous circumstances and that defendant has intentionally failed and refused to pay any amount of money for her support or for the support of her minor child. Defendant filed exceptions of improper venue and lack of jurisdiction, which were overruled. Defendant then filed an application for writs to this court, which was granted, and the record, including the transcript of testimony, has been forwarded to this court. We recall the writs heretofore issued.
*628 Mr. and Mrs. Watts formerly maintained their matrimonial domicile in Lincoln Parish, where the husband was a student at Louisiana Tech University. On August 15, 1973 the husband instituted suit against his wife in Lincoln Parish for a separation on the grounds of abandonment. The wife answered and reconvened seeking- a separation against her husband based on alleged acts of cruel treatment. By judgment dated December 13, 1973, the demands of both parties were rejected. The record, exclusive of the transcript of testimony of the Lincoln Parish proceedings, is annexed to and made a part of the instant proceedings.
The testimony adduced during the trial of the exceptions reflects that plaintiff and defendant initially separated in August 1973; that this separation was by mutual agreement; that the wife returned to the home of her parents in Claiborne Parish where she could better take care of a small child, issue of the marriage, and also in the hope that a separation would give both parties a better opportunity to adjust and hopefully would lead to a reconciliation. No reconciliation was ever effected and the husband contributed only $25.00 toward the support of the wife and his child from November 1973 until the date of the hearing on April 19, 1974.
The husband contends his wife was not in necessitous circumstances; that he was not guilty of intentional nonsupport of his wife; in the alternative, that his wife had no legal justification for leaving the matrimonial domicile in Lincoln Parish and moving to Claiborne Parish; and that, even if he be found guilty of intentional nonsupport, this condition was brought on by the actions of the wife and not by any act on his part.
In overruling the exceptions the lower court assigned the following written reasons :
“We recognize, of course, the general rule of law that a married woman has no other domicile than that of her husband, Civil Code Article 39. The evidence heard on the trial of these exceptions reveals that the husband is a student at Louisiana Tech and is employed on a part-time basis with the campus security force and is the recipient of GI benefits from previous service in the armed forces. A considerable portion of such benefits are based on the fact that he has a wife and child. His income is somewhat in excess of $400 per month. The wife was employed at a bank at a salary of something like $250 monthly before deductions. The evidence shows that the community had accumulated considerable indebtedness.
“The evidence reveals that after the separation the husband contributed nothing to the support of his wife or of his child from November, 1973, until April, 1974, except a gift of $25 to the child. The April payment referred to was in response to an order of this Court.
“As we examine defendant’s conduct with regard to the support of his wife and child, the evidence is uncontradicted that for a period from November, 1973, to April, 1974, this young wife was left to shift for herself and child. Additionally the evidence is uncontradicted that a substantial portion of the GI benefits came to him solely by virtue of the fact that he had a wife and child to support, yet he saw fit to and did use these funds for his own purposes.
“Defendant husband excuses this conduct, first on the ground that there were pressing bills to be paid, and second that the wife was employed, therefore her earnings were community earnings and hence half of same should be considered as a contribution by him.
“To the first contention we would observe that the obligation of a husband to support his wife is at least of equal importance to other community obligations. To the second contention we would observe that this is indeed a novel proposition of law that we have not heretofore *629 encountered. We do not believe this to be the law of this state.
“There is a rule in the jurisprudence of this state that a wife is authorized to acquire a separate domicile for herself where she is abandoned or is compelled by reason of ill-treatment to leave her husband. Bush vs. Bush, 232 La. 747, 95 So.2d 298 (1957).
“In my opinion the intentional non-support of this young wife by the defendant husband on whom she had a right to rely for support, constituted such ill-treatment as to authorize her to establish her domicile elsewhere. This ruling finds further support in the recent case of Carrier vs. Carrier, La.App. 2nd Cir. 1972, 258 So.2d 115.”
Being in full accord with the written opinion of the trial judge and, additionally, because the intentional nonsupport of the wife by her husband occurred following their mutual agreement for the wife to move from the matrimonial domicile, the writs heretofore issued are recalled, the judgment overruling the decli-natory exceptions of lack of venue and jurisdiction is affirmed, and the case is remanded to the trial court for further proceedings. All costs are to await final determination of the cause.
DENNIS, J., dissents and assigns written reasons.
PRICE, J., dissents for reasons assigned by DENNIS, J.