341 So.2d 771 (1977)
Vernell CARROLL, Petitioner,
v.
Glen A. CARROLL, Respondent.
No. 48495.
Supreme Court of Florida.
January 13, 1977.
Wm. Howard LaPorte, Crestview, for petitioner.
W. Paul Thompson of Thompson & Adkinson, Defuniak Springs, for respondent.
*772 OVERTON, Chief Justice.
This is a petition for writ of certiorari seeking reversal of the decision of the First District Court of Appeal reported at 322 So.2d 53 (Fla. 1st DCA 1975). As acknowledged by the First District, that decision conflicts with Arnold v. Arnold, 273 So.2d 405 (Fla.2d DCA 1973). We have jurisdiction.[1]
This case involves a dispute over venue in a dissolution of marriage proceeding. On April 8, 1972, respondent and petitioner travelled to Alabama to be united in marriage as husband and wife. They returned to Florida and lived in Holmes County for about eight months when petitioner left her husband and moved to Okaloosa County. She remained there for about a year but then rejoined her husband in Holmes County. This second and last attempt to cohabit as husband and wife endured no longer than the first, and petitioner returned to Okaloosa County in July of 1974.
According to petitioner, four days after she resumed residence in Okaloosa County she was visited by her husband who angrily demanded the keys to their automobile. Petitioner yielded, giving the keys to respondent. It was at this point, petitioner contends, that she realized their marriage was irretrievably broken and that she decided to seek its dissolution.
Three months later petitioner filed in Okaloosa County a petition for dissolution of their marriage. Respondent objected to petitioner's choice of forum and filed a "plea of privilege," which, as noted by the First District,
"... was properly treated as a motion to dismiss for improper venue or to transfer. Rule 1.140 R.C.P.; Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla. 1955)." 322 So.2d at 54.
The trial judge denied respondent's motion.
Respondent took an interlocutory appeal to the First District Court of Appeal, contending that venue was improper under Section 47.011, Florida Statutes.[2] The issue before the First District was whether the cause of action in this dissolution proceeding arose in Okaloosa County because petitioner alleges that it was in that county their marriage became irretrievably broken. The First District answered in the negative, ruling as follows:
"To protect the beneficial purposes of both the marriage dissolution legislation and the venue statute, we are required to look, not for the county or the scattered counties where the breach may be said to have occurred, but to the single county where the marriage last existed. In that county the intact marriage was last evidenced by a continuing union of partners who intended ... to remain married, indefinitely if not permanently. Ordinarily the court will recognize that county naturally, as do the parties themselves, and the venue problem will be no more difficult than finding where the marriage partners called home. Courts have long asked that simple question when determining the domicile of succession. Smith v. Croom, 7 Fla. 81, 97-101, 154-59 (1857), reh. den. 7 Fla. 180. The harder cases inevitably arising in this day of atomic families and separate residence [Judd v. Schooley, 158 So.2d 514 (Fla. 1963)] will respond to a test like that employed to resolve domiciliary controversies in other contexts. See Wade v. Wade, 93 Fla. 1004, 113 So. 374 (1927), invoking the Roman doctrine, and Perez v. Perez, 164 So.2d 561 (Fla.App.3rd, 1964). In what county were both partners last present with a common intention to remain married and in that place? There the marriage was broken, although recognition of the breach was postponed; there the cause of action for dissolution arose, within the meaning and application of § 47.011... ." 322 So.2d at 57.
We agree with the reasoning of the First District Court of Appeal and adopt it as our *773 own. The decision of the First District is approved and the petition for writ of certiorari is denied.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and ROBERTS (Retired), JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] "Where actions may be begun.  Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents." [Emphasis supplied.]