ANSTEAD, Judge.
This is an appeal from an order denying the husband’s motion for change of venue. We reverse.
The parties were married in Polk County and resided there together until their separation in January, 1977, when the wife moved to Palm Beach County. The husband leased an apartment for the wife in Palm Beach County and visited with her on an average of one weekend a month in attempts to reconcile. The wife wanted the husband to move to Palm Beach County and the parties looked at potential residences there, but the husband continued to reside in Polk County. The wife also visited the husband in Polk County. In February, 1978, the wife filed for dissolution in Palm Beach County. The husband’s request for a change of venue to Polk County was denied.
In the recent case of Carroll v. Carroll, 341 So.2d 771 (Fla.1977), the Supreme Court approved a holding by the First District Court of Appeal[1] which held:
“To protect the beneficial purposes of both the marriage dissolution legislation and the venue statute, we are required to look, not for the county or the scattered counties where the breach may be said to have occurred, but to the single county where the marriage last existed. In that county the intact marriage was last evidenced by a continuing union of partners who intended ... to remain married, indefinitely if not permanently. Ordinarily the court will recognize that county naturally, as do the parties themselves, and the venue problem will be no more difficult than finding where the marriage partners called home. Courts have long asked that simple question when determining the domicile of succession. Smith v. Croom, 7 Fla. 81, 97-101, 154-59 (1857), reh. den. 7 Fla. 180. The harder cases inevitably arising in this day of atomic families and separate residence [Judd v. Schooley, 158 So.2d 514 (Fla. 1963)] will respond to a test like that employed to resolve domiciliary controversies in other contexts. See Wade v. Wade, 93 Fla. 1004, 113 So. 374 (1927), invoking the Roman doctrine, and Perez v. Perez, 164 So.2d 561 (Fla.App. 3rd, 1964). In what county were both partners last present with a common intention to remain married and in that place? There the marriage was broken, although recognition of the breach was postponed; there the cause of action for dissolution arose, within the meaning and application of § 47.011. ...” 322 So.2d at 57.
The Carroll decision specifically rejected a prior opinion of the Second District in Arnold v. Arnold, 273 So.2d 405 (Fla. 2d DCA 1973), which held that venue may lie in the county where the events took place which finally rendered the marriage irretrievably broken. In Carroll, for instance, the wife alleged that those events took place in Oka-loosa County where she moved from the marital home which was located in Holmes County. The First District and the Supreme Court ruled that venue should be in Holmes County because that was the last place the marriage partners resided together with the common intention to remain married and to remain there. In essence the Arnold test was rejected as being too dependent on subjective considerations and hence, conducive to forum shopping.
Mrs. Hoskins claimed that she finally decided the marriage was broken while she was residing in Palm Beach County. But *181 Mr. Hoskins never resided in Palm Beach County. He visited his wife in Palm Beach County, just as she visited with him in Polk. But just as she remained a resident of Palm Beach, so did Mr. Hoskins remain a resident of Polk, despite their exchange of visits. And if Mr. Hoskins never became a resident of Palm Beach County, it can hardly be said that the Hoskins resided together in Palm Beach County with the joint intention to remain married and to remain in Palm Beach County. The last place where they resided together was Polk County and under the holding in Carroll, venue should be in Polk County.
Accordingly, the order denying the husband’s motion for change of venue is reversed with directions that venue of this action be transferred to Polk County.
REVERSED WITH DIRECTIONS.
DAUKSCH and LETTS, JJ., concur.

. Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975).