415 So.2d 870 (1982)
Chase W. CRAWFORD, Appellant,
v.
Marianna Protsman CRAWFORD, Appellee.
No. AK-303.
District Court of Appeal of Florida, First District.
June 24, 1982.
Judith J. Dougherty, Tallahassee, for appellant.
Ralph Roberts, Jacksonville, for appellee.
McCORD, Judge.
Chase W. Crawford (husband) appeals from the trial court's order denying his motion to transfer venue in this dissolution of marriage action from Duval County to Leon County, Florida. We reverse.
Generally, the defendant's privilege of venue permits him to object to an action being maintained in a county other than the one where he resides, where the cause of action accrued, or where the property and litigation is located. § 47.011, Fla. Stat. If he is sued in one of these three places, he may not object on the ground of "improper venue." Board of Public Instruction v. First National Bank, 111 Fla. 4, 143 So. 738 (1932), aff'd 111 Fla. 4, 149 So. 213. However, in a dissolution of marriage action, the trial court is to look to the single county where "the intact marriage was last evidenced by a continuing union of partners who intended to remain and to remain married, indefinitely if not permanently." Carroll v. Carroll, 322 So.2d 53, 57 (Fla. 1st DCA 1975), cert. denied 341 So.2d 771 (1977). Considering the undisputed facts elicited at an evidentiary hearing below, we must conclude that Leon County is the last place where the intact marriage existed. Upon losing her prior job, Marianna Protsman Crawford moved to and obtained an apartment in her name alone in Jacksonville in November of 1980. Her purpose in moving to Jacksonville was to manage and operate a new business owned by her and her husband. He remained in Tallahassee, where the couple had spent the previous eight years of their marriage. Their marital domicile, owned by the entireties, was *871 also located in Tallahassee. The record establishes that the husband frequently journeyed to Jacksonville. However, his stays there were of a temporary and minimal sort, for the unrefuted testimony indicates that he only was there for weekends, more frequently when his wife was ill, less frequently when she was well. She, in turn, made journeys to Tallahassee for weekend visits. Most of the personal possessions garnered during the marital relationship remained in their Tallahassee home. Further, while the testimony indicates that the couple had several spats in Jacksonville, the wife agreed that the precipitating event for her seeking a divorce was an alleged assault in Tallahassee. Considering the totality of these factors, we think that Leon County is the appropriate choice for venue in this matter. It is the place where the husband continues to reside, where the property in litigation, for the most part, is located and where the parties were last present with a common intention to remain married. Incidentally, though not controlling on venue, since the wife agreed that the precipitating event for her seeking a divorce occurred in Tallahassee, it would also appear that Leon County is the place where the marriage is alleged to have become irretrievably broken.
Accordingly, we reverse the trial court's order and remand with instructions that the cause be transferred to the circuit court in and for Leon County, Florida.
MILLS and SHIVERS, JJ., concur.