**CYNTHIA CHRISTIAN, Plaintiff**

v.

**CLIFFORD A. CHRISTIAN, Defendant**

Family No. D40/85

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

April 30, 1985

WILLIE MCGOWEN, ESQ. (Legal Services of the Virgin Islands), St. Thomas, V.I., *for plaintiff*

ALLAN A. CHRISTIAN, Frederiksted, St. Croix, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

The court is required to determine where, for the purpose of venue, a cause of action for divorce arises. The court adopts the rule of the Florida courts and concludes that it arises where the marriage last existed or where the parties last cohabited with a common intent to remain married.

Based upon a sworn complaint and an affidavit of the plaintiff, it is uncontested that the plaintiff and defendant were married on May 12, 1983 in St. Croix and resided there throughout most of their relationship. They have one child, who was born October 17, 1972. On January 3, 1985 the plaintiff moved to St. Thomas and obtained employment. She states that it is her intention to continue to reside in St. Thomas. On February 13, 1985 she filed for divorce in the St. Thomas and St. John Division of this court alleging physical abuse. Defendant has moved to change the venue to the Division of St. Croix.

## II

The Virgin Islands has no special statute relating solely to venue for divorce cases; therefore, this issue is controlled by 4 V.I.C. § 78 (1984 Supp.), which states in pertinent part:

> All civil actions shall be initiated in the judicial division where the defendant resides or where the cause of action arose or where the defendant may be served with process.

As noted, defendant resides and may be served with process in St. Croix. The plaintiff argues, though, that this cause of action arose in St. Thomas because she was residing there when she decided the marriage had irreconcilably broken down.

While no reported Virgin Islands case addresses this issue, Florida courts construing a venue statute similar to section 78, specifically have rejected the plaintiff's argument. Eisenberg v. Eisenberg, 453 So.2d 83 (Fla. App. 1984); Thames v. Thames, 449 So.2d 402 (Fla. App. 1984); Crawford v. Crawford, 415 So.2d 870 (Fla. App. 1982); and Carroll v. Carroll, 322 So.2d 53 (Fla. App. 1975), aff'd, 341 So.2d 771 (Fla. 1977).[1] They have held that in a divorce action the cause of action arises where the marriage last existed or where the parties last cohabited with a common intent to remain married. Carroll v. Carroll, 322 So.2d at 57.

The plaintiff, in opposition to a change of venue, relies on Whatley v. Whatley, 170 S.W.2d 600 (Ark. 1943), and Watts v. Watts, 305 So.2d 627 (La. App. 1974). Her reliance is misplaced. Both cases merely hold that a wife may establish a separate domicile from that of her husband. That principle is not challenged here. Instead, the defendant argues that regardless of the wife's domicile the proper place to bring a divorce action for purposes of venue in this action is St. Croix, and the Virgin Islands venue statute bears him out.

In rejecting the theory of the plaintiff, the Florida intermediate appellate court in Carroll noted that venue statutes historically have been designed to protect defendants from being brought into an inconvenient forum. Id. 322 So.2d at 56. The plaintiff's approach, on the other hand, would benefit only plaintiffs and would inconvenience not only defendants, but in most cases any third party appearing as a witness.

---

[1] Sec. 47.011, Florida Statutes (1981) provides:
*Where action may be begun.* Action may be brought only in the county where the defendant resides, where the cause of action accrued or where the property in litigation is located. This section shall not apply to actions against non-residents.

The Carroll court also noted that if it adopted the plaintiff's theory, then in all cases it would have to accept plaintiff's unsupported assertions as to where they decided the marriage had broken down. Id. Such a rule, the court determined, would encourage fraud and forum shopping. Id.

"To protect the beneficial purposes of both the marriage dissolution legislation and the venue statute," the Florida court declared, "we are required to look, not for the county or scattered counties where the breach may be said to have occurred, but to the single county where the marriage last existed . . . In what county were both partners present with a common intention to remain married . . . ? There the marriage was broken, although recognition of the breach was postponed, there the cause of action for dissolution arose within the meaning" of the venue statute. Id. The Supreme Court of Florida adopted the intermediate appellate court's reasoning and made it its own. 341 So.2d at 772–773. This court will do so as well.

The Florida approach gives courts not only a clear rule to apply, but also one which in most instances will inconvenience the least number of people. This is particularly true in a case where, as here, the plaintiff has resided in St. Thomas only for a short period and where the parties were married in St. Croix, resided there and the actions that caused the breakdown of the marriage clearly occurred there. Accordingly, the court will grant the defendant's motion for change of venue.

## ORDER

Clifford Christian has moved to change the venue of this action to St. Croix. The court having this day entered a memorandum opinion, it is

ORDERED that the plaintiff's motion for change of venue is granted; and it is further

ORDERED that the Clerk of the Court transfer this case to the Family Division of St. Croix.