FERGUSON, Judge.
Appellant contends that the trial court abused its discretion in denying her motion to dismiss a dissolution action as having been brought in an improper venue.
Appellee/husband commenced this action in Dade County. The evidence furnished by affidavits shows that appellant/wife lives in nearby Broward County where the parties resided before separating — over a year before this action was commenced. A thriving business operated by the husband, in which the wife holds a substantial ownership interest, is located in Dade County. The witnesses having professional knowledge of the nature and value of the business are also located in Dade County. Undoubtedly, the disclosure and division of the property located in Dade County will be the focus of the trial.
There is statutory support for the choice of venue and appellant/wife has not demonstrated that the court, for any other reason, should have ordered the case tried in Broward County. See § 47.011, Fla.Stat. (1985); Groome v. Abrams, 448 So.2d 82 (Fla. 4th DCA 1984) (trial court has broad discretion in dealing with matters of venue); cf. Thames v. Thames, 449 So.2d 402 (Fla. 2d DCA 1984) (dissolution of marriage action was improperly brought in Pinellas County where evidence showed that the place where the parties last resided with the intent to remain married was Alachua *25 County, and there was no property subject to the litigation located in Pinellas County).
Affirmed.