520 So.2d 575 (1988)
Ana Silvia GOEDMAKERS, Petitioner,
v.
Harry GOEDMAKERS, Respondent.
No. 70407.
Supreme Court of Florida.
March 3, 1988.
*576 A. Matthew Miller of Miller and Schwartz, P.A., Hollywood, for petitioner.
*577 Lisa Heller Green and Daniel Neal Heller of Heller and Kaplan, Miami, for respondent.
BARKETT, Justice.
We review Goedmakers v. Goedmakers, 504 So.2d 24 (Fla. 3d DCA 1987), based upon conflict with Crawford v. Crawford, 415 So.2d 870 (Fla. 1st DCA 1982), and Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975), approved, 341 So.2d 771 (Fla. 1977). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue presented is whether the "property in litigation" provision of Florida's general venue statute, section 47.011, Florida Statutes (1985),[1] applies to marital dissolution cases. We conclude that this clause applies only to real property that is the subject of a local action and therefore not to marital dissolution cases. Accordingly, we quash the decision below.
Mr. Goedmakers filed a simple petition for dissolution of marriage in Dade County, Florida, alleging only that the marriage was irretrievably broken. Mrs. Goedmakers responded with a motion to abate/dismiss for improper venue, accompanied by an affidavit affirmatively showing that both husband and wife were presently residing in Broward County. The affidavit further asserted that Broward County was the county where the parties last cohabited with a common intent to remain married, where the marriage became irretrievably broken, and where the marital home was located.
Mr. Goedmakers filed an affidavit in opposition, asserting that he owned and/or operated, with third parties, a number of blueprint supply companies located in several Florida counties, including one in Dade County. The husband ran the day-to-day operations of the Dade County business and held several corporate offices but owned no stock in that business. His wife, on the other hand, owned 50 percent of the shares of the Dade County company. Mr. Goedmakers asserted that if the parties could not amicably resolve the property issues, he would amend his petition to pray for a division of property, including a special equity in the corporate stock issued in his wife's name, and dissolution of the Dade County business. He further asserted that the corporate records and people with knowledge of the business were all located in Dade County.
The trial court denied the wife's motion. On appeal, the Third District affirmed, reasoning that "the disclosure and division of the property located in Dade County [undoubtedly] will be the focus of the trial" and "[t]he witnesses having professional knowledge of the ... business are ... located in Dade County." Goedmakers, 504 So.2d at 24.
As a threshold matter, notwithstanding the legal significance of the term "property in litigation," we find error in the determination by the courts below that the pleadings were sufficient to establish property as an issue in this case at all. The only issue framed in the complaint was whether the marriage was irretrievably broken. The complaint did not contain a prayer for the division of any property. The subsequently filed affidavit, even if sufficient to expand the issues in the complaint, did not properly state a claim but merely asserted that a claim might be made in some future amended petition.[2] Thus, even if the parties owned property which could be considered "property in litigation" under section 47.011, we could not construe the mere possibility of a claim for special equity as placing that property in issue.[3] Nor, as respondent suggests, does *578 an assertion that a corporate dissolution action might be filed at some future time place in issue the assets of the corporation.[4] The plaintiff must allege in the complaint a sufficient basis for the venue selected. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978). Here, the sole issue raised by the complaint, and the sole issue upon which venue properly may be established, is the dissolution of the marriage.
We turn now to the meaning and application of the phrase "property in litigation." In Carroll, this Court approved the decision of the First District holding that a cause of action for dissolution of marriage arises in the Florida county in which both partners were last present with a common intent to remain married. 341 So.2d at 772.[5] We quoted with approval the reasoning of the lower court:
"To protect the beneficial purposes of both the marriage dissolution legislation and the venue statute, we are required to look ... to the single county where the marriage last existed... . Ordinarily the court will recognize that county naturally, as do the parties themselves, and the venue problem will be no more difficult than finding where the marriage partners called home."

341 So.2d at 772 (emphasis added).
The district court in Carroll also recognized that the property in litigation provision of section 47.011 "is commonly understood to refer only to actions local in nature [e.g., Hendry Corp. v. State, 313 So.2d 453 (Fla. 2d DCA 1975)], which a marriage dissolution proceeding is not." 322 So.2d at 54 n. 1.
The First District reaffirmed this view in Crawford, stating that although generally a defendant may not object if sued in any one of the three places listed in section 47.011, "in a dissolution of marriage action, the trial court is to look to the single county where `the intact marriage was last evidenced by a continuing union of partners who intended to remain and to remain married, indefinitely if not permanently.'" 415 So.2d at 870 (quoting Carroll).
There can be no doubt that this is the correct construction and application of section 47.011.[6] Although the venue statute gives plaintiffs the right to sue in any of three specific forums, that right is subject to the limitations of the common law distinctions between local and transitory actions.
In local actions, that is, proceedings against property having a fixed location, venue lies only in the county where the subject property is located because courts have no jurisdiction in actions relating to real property located outside their territorial boundaries. Georgia Casualty Co. v. O'Donnell, 109 Fla. 290, 147 So. 267 (1933). See generally 56 Fla.Jur.2d Venue § 7 (1985); 13 Fla.Jur.2d Courts and Judges § 80 (1985). Where the action is personal or transitory, such as an action on a debt, contract, or other matter relating to a person or to personal property, a defendant has the privilege of being sued either in the county of his residence or in the county where the cause of action accrued. Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975); Richard Bertram & Co. v. Barrett, 155 So.2d 409, 412 (Fla. 1st DCA 1963). See Note, Civil Procedure, 28 U.Miami L.Rev. 257, 270 n. 107 *579 (1974). See generally 56 Fla.Jur.2d Venue § 12 (1985).
Clearly, many in personam actions involve real property. However, the presence of real property as an issue does not make it a local action. Whether or not the action is local or transitory depends upon the underlying major question in the case. Lakeland Ideal Farm & Drainage District v. Mitchell, 97 Fla. 890, 122 So. 516 (1929). As the Fourth District explained in Sales v. Berzin, 212 So.2d 23, 24 (Fla. 4th DCA 1968), when a plaintiff seeks to compel a change in the title to real property, the local action rule requires the suit to be brought in the county where the land is situated. However, when the suit is merely for payment of money, such as the purchase price of the property, there is no "property in litigation" and the third alternative location specified in the venue statute is not available to the plaintiff. Id. at 25. See also Coon v. Abner, 246 So.2d 143 (Fla. 3d DCA 1971) (in suit for cancellation of note on real property located in Dade County, venue proper in Orange County where note was executed and made payable, not in Dade County); Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985) (action for rescission or cancellation of contract for sale or exchange of land is transitory, not local action required to be brought where the land is located); Jutagir v. Marlin, 453 So.2d 503 (Fla. 3d DCA 1984) (complaint to rescind agreement to sell land to which there was counterclaim for specific performance is purely an in personam action and not a local action which had to be heard where the land was located); St. Laurent v. Resort Marketing Associates, Inc., 399 So.2d 362 (Fla. 2d DCA 1981) (in suit for breach of sales marketing agreement for sale of ownership units at condominium resort located in Monroe County, no property in litigation, as such).
When the dissolution of a marriage is sought, the action is regarded as transitory. Carroll, 322 So.2d at 54 n. 1; Evans v. Evans, 141 Fla. 860, 194 So. 215 (1940); McGowin v. McGowin, 122 Fla. 394, 165 So. 274 (1936). Thus, a resident defendant in a dissolution proceeding has the right or privilege of being sued in the county of his residence or in the county where the cause of action accrued. See generally 56 Fla. Jur.2d Venue § 43 (1985).
Moreover, a prayer for a determination of property rights between spouses, even when the property includes real estate, does not transform a divorce suit into a local action. See Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306 (1939) (where either spouse seeks to determine rights of the spouses in property, the part of the divorce suit relating to property is part of the divorce action itself such that venue of a claim to property is the same as that of the divorce action). This is consistent with the general rule that a court with jurisdiction of the principal action may determine incidental or ancillary proceedings even though venue of such would normally be in another county. See generally 56 Fla.Jur. 2d Venue § 51 (1985).
Respondent argues that the focal point of most dissolution proceedings today is the division of the property, not the breakup of the marriage. While we recognize that many dissolution proceedings today involve disputed property, we believe the dissolution of the marriage is still the focal point of the action.[7] Moreover, permitting plaintiffs to bring divorce actions in any county where either of the parties' property is located would defeat the primary purpose of the venue statute. As the court in Carroll stated:
[V]enue statutes ... historically have preferred the convenience of resident defendants and have granted only limited choices to plaintiffs. As long as the legislature considers that there is a need to protect Holmes County residents from the real or imagined hazards of litigation instituted at an adversary's whim or convenience *580 in Okaloosa, Duval or Dade, we cannot sustain the petitioner's choice of a distant forum, in a county other than that of the respondent spouse and the marital home... . The opportunity to abuse such a rule is too great; and, given the wide discretion and range of choices available to the trial judge in determining issues of rehabilitative and permanent alimony, the rewards for successful forum-shopping are too tempting.
322 So.2d at 56.
Although Carroll dealt with "where the cause of action accrued," the same concerns apply to the "property in litigation" clause. Just as the parties could assert different views as to the exact time and place of the marital breakup for venue purposes, property could be acquired in or moved to different counties for the same purpose. As the First District declared twenty-five years ago:
Venue is not a vehicle that rolls around on wheels nor a vessel that sails the borders of the state. Venue cannot be hauled from county to county like a sack of potatoes upon the theory of "where the property in litigation is situated"... .
Richard Bertram & Co., 155 So.2d at 412.
In conclusion, we hold that because an action for dissolution of marriage is personal or transitory, the "property in litigation" clause of section 47.011 is not applicable to marriage dissolution cases. Accordingly, we quash the decision of the district court and remand with instructions to direct the trial court to transfer the cause to Broward County.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 47.011 provides, in pertinent part:

Where actions may be begun.  Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.
[2] As an answer had not been filed, the husband could have filed an amended petition without leave of court.
[3] We see no barrier to the husband's amending his pleadings to properly assert a claim of special equity in the wife's stock in the corporation. The trial court clearly has authority to order the wife to transfer stock owned by her to the husband. Noe v. Noe, 431 So.2d 657 (Fla. 2d DCA 1983); Feldman v. Feldman, 390 So.2d 1231 (Fla. 3d DCA 1980).
[4] We offer no opinion on whether the corporation could be joined as a party since that issue clearly is not presented here.
[5] This Court denied certiorari with opinion and approved the decision of the district court, stating: "We agree with the reasoning of the First District Court of Appeal and adopt it as our own." 341 So.2d at 772-73.
[6] Although some district courts have mentioned the "property in litigation" provision in marital dissolution cases, none has upheld a plaintiff's choice of venue based solely upon the location of the parties property. See, e.g., Smith v. Smith, 430 So.2d 521 (Fla. 2d DCA 1983) (where husband resides in Pinellas County and all the parties' property is located in Pinellas County, only question is where cause of action accrued); Thames v. Thames, 449 So.2d 402 (Fla. 2d DCA 1984) (noting "[t]here is no property in litigation in this cause"). Even in Crawford, the court stated that Leon County was "where the property in litigation, for the most part, is located." 415 So.2d at 871.
[7] We do not consider respondent's arguments relating to the convenience of witnesses and records because they are not relevant to whether an action must be dismissed or transferred under section 47.011, but only to whether an action may be transferred to a court "in which it might have been brought" under section 47.122, Florida Statutes (1985).