PER CURIAM.
Diane M. Rakusin appeals from an order denying her motion for a change in venue from Broward County, appellee’s present county of residence, to Alachua County, Florida, where she currently resides. We reverse.
Appellee filed a petition for dissolution of marriage in Broward County, Florida, alleging that the marriage between the parties was irretrievably broken. Appellant responded by filing a verified motion to dismiss, transfer, and/or abate for improper venue. She has not counter-petitioned for child visitation or custody rights. The marital home which the parties last shared as husband and wife with the common intent to remain married is located in Ala-chua County.
No children were born of the parties’ ten-year marriage, however, appellee’s son from a previous marriage resided with the parties from the approximate age of three until shortly after appellee moved out of the marital home. At that time, the child went to live with appellee in Broward County, where father and son presently reside.
When asked in her deposition if she would ever seek visitation or custody of her stepson, Mitchell, appellant responded affirmatively. As a result of this testimony, appellee argued, and the trial court agreed, that he had a sufficient basis for selecting venue in Broward County. The court relied upon Dones v. Green, 212 So.2d 919 (Fla. 3rd DCA 1968). In Dones, a father of two children brought an action against their mother in which he sought custody of the children. The district court found that because the children were the subject matter of the action, venue was proper where they were physically present and domiciled. Id. at 920. We find the facts in Dones to be distinguishable from those at bar, where the husband’s son is not the subject matter of the dissolution proceedings. In the past, we have recognized that a non-parent may, under certain circumstances, obtain custody of a minor child in a dissolution of marriage action. See Goldstein v. Goldstein, 442 So.2d 330 (Fla. 4th DCA 1983); Wills v. Wills, 399 So.2d 1130 (Fla. 4th DCA 1981). However, we hold that the *895 child visitation or custody issue in the instant appeal, if one exists, is ancillary at best.
The law is well settled in Florida that a cause of action for dissolution of marriage arises in the Florida county in which both parties last resided with a common intent to remain married. Goedmakers v. Goedmakers, 520 So.2d 575, 578 (Fla. 1988), citing Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975). Here, the parties last resided as husband and wife in the city of Gainesville, which is situated in Alachua County. Therefore, we hold that Alachua County is the proper forum for this dissolution action. A court with jurisdiction over the principal action may determine incidental or ancillary proceedings even though venue of such proceedings may normally be in another county. See Goedmakers at 579. Since appellee, through his own admission, maintains an active law practice in Gainesville, Alachua County will be a convenient forum for both parties to litigate any ancillary issues which may later arise in these proceedings.
Appellee also argues that he and his wife at one time entered into an oral agreement wherein appellant agreed to venue outside Alachua County, specifically, in Broward County. He argues that his payments to appellant of $7,000.00 per month for a short duration were consideration for, and proof, that such an agreement existed. The record does not support the existence of such an agreement. On the contrary, the record shows that appellant twice refused to sign settlement agreements which provided for venue outside Alachua County and in deposition appellant denied that she ever entered into any such agreement with appellee. Accordingly, we reverse this cause and remand with instructions that venue be transferred to Alachua County, Florida.
REVERSED and REMANDED.
LETTS, DELL and WALDEN, JJ., concur.