WIGGINTON, Judge.
The husband brings this timely interlocutory appeal pursuant to Rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure, of an order denying his motion to abate and transfer for improper venue in a dissolution of marriage proceeding. The issue is whether the trial court erred in finding, for purposes of venue, that the last place where the parties resided with the intent to maintain the marital relationship was in Leon County. We agree that the trial court in fact erred in this regard and reverse.
The parties to this action were married on May 7, 1960, in Madison, Florida, and established their marital domicile there on that date. In the husband’s affidavit filed in conjunction with his motion to abate and transfer for improper venue, it is stated that the parties have maintained the Madison domicile continuously and without interruption down to and including the filing of the dissolution action in the lower court.
In that same affidavit, the husband states that he and the wife maintained their voter registration, claim for homestead exemption, and bank accounts in Madison. The husband’s principal place of business is in Madison. The parties own a dwelling house in Madison where the husband still physically resides, and have in the past owned other dwelling houses in Madison, which residences have been their former marital homes.
In or around 1987, the wife decided to attend Florida State University located in neighboring Tallahassee, Leon County, for the purpose of seeking a degree and qualification as a counselor. In her affidavit in opposition to the husband’s motion, the wife maintains that since 1986, she and her husband have experienced marital difficulties. In August of 1987, upon her entering FSU, she .maintains that the husband agreed, in order to avoid her filing for divorce, that she could establish her residence in Tallahassee. The husband’s affidavit omits that fact but states that when the wife moved to Tallahassee, “in order to expedite her attendance and for her convenience,” an apartment was purchased in Leon County. In any event, the parties did purchase a townhouse in Tallahassee and the wife commenced residence in the townhouse on or about July 6, 1987. Since then, the husband has spent one to two nights per week residing with the wife in Tallahassee, but the wife has only on rare occasions returned to Madison County, claiming that she has only stayed in the marital home in Madison 13 nights since moving to Tallahassee. Nonetheless, the husband’s affidavit indicates that the wife still maintains her voting registration, permanent address, banking and other business activities in Madison. The wife’s affidavit does not dispute that fact.
In the husband’s affidavit, he states that he has never lived with the wife in Leon County as his marital domicile and at all times the apartment in Tallahassee was maintained as a convenience to the wife in pursuit of her career, and that the relationship there was on an incidental and temporary basis. In contrast, the wife submits that it was the parties’ intent for the wife to reside in Tallahassee and for the husband to choose to reside with her in Tallahassee. She also concludes in her affidavit that the last place prior to the filing of the petition for dissolution of marriage where the parties resided together as husband and wife was in Tallahassee.
The wife filed an action in Leon County seeking dissolution of her marriage to the husband. The husband filed and served the present motion to abate and transfer for improper venue. A hearing was held on the motion and the court entered an order on venue denying appellant’s motion, finding that the “last place where the parties resided with intent to maintain a marital relationship was in Leon County, Florida.”
This court has clearly enunciated the rule that venue in dissolution of mar *1105 riage cases is appropriate in the county where both parties were last present with a common intention to remain married and in that place. See Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975), affirmed, 341 So.2d 771 (Fla.1977). This rule clearly requires that the parties not only be physically present in a county from time to time, but that both parties have an intent to remain married in that place. Mere physical cohabitation will not suffice. See also Goedmakers v. Goedmakers, 520 So.2d 575 (Fla.1988). Based on the facts above recited, we agree with the husband that this case simply does not present a situation establishing that the parties were last present in Leon County with a common intention to remain married in Leon County. Rather, it is obvious that the wife’s residence in León County was, at the very least, for her convenience in furthering her education. The evidence also establishes, by virtue of her own affidavit, that the marriage more likely than not became irretrievably broken in Madison and that the time spent in Leon County was with the intent to reconcile and maintain the marriage while the wife continued her education. In short, there appears to be nothing in the record suggesting that the parties intended to break their marriage away from Madison and establish it in Leon County within the intent and holding of Carroll. Compare Crawford v. Crawford, 415 So.2d 870 (Fla. 1st DCA 1982).
Accordingly, the trial court’s order denying the husband’s motion to abate and transfer for improper venue is reversed and the cause is remanded for the court to grant the motion and transfer the cause to Madison County, Florida.
ERVIN and MINER, JJ., concur.