PER CURIAM.
This is a timely appeal from a non-final order denying appellant’s exceptions to the General Master’s recommendations and findings as to venue in a dissolution of marriage proceeding.
Appellant/husband and Appellee/wife were married in Pensacola, Escambia County, Florida, on July 7, 1979, and resided there together for approximately eleven years, when appellee moved to Broward County in search of better employment. The couple have one child, a son, Derek, who is four years old. On September 21, 1990, appellee filed this suit for dissolution of marriage in Broward County, Florida. Appellant filed a motion to dismiss or transfer of venue, which was heard by a General Master, together with appellee’s motion for return of the child of the marriage.
The legal issue involved is the proper venue for this dissolution proceeding. On the subject of venue, section 47.011, Florida Statutes, provides that:
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or *326 where the property in litigation is located.
However, the correct construction and application of this section in a dissolution proceeding is set forth in Carroll v. Carroll, 341 So.2d 771, 772 (Fla.1977), where the court said:
To protect the beneficial purposes of both the marriage dissolution legislation and the venue statute, we are required to look, not for the county or the scattered counties where the breach may be said to have occurred, but to the single county where the marriage last existed. In that county the intact marriage was last evidenced by a continuing union of partners who intended ... to remain married, indefinitely if not permanently. Ordinarily the court will recognize that county naturally, as do the parties themselves, and the venue problem will be no more difficult than finding where the marriage partners called home. Courts have long asked that simple question when determining the domicile of succession.
The evidence of the fact and intention of the parties vis-a-vis which county was their true residence is conflicting. We find substantial competent evidence in the record that supports the Master’s conclusion consistent with the rule set forth in Carroll and followed in numerous subsequent cases.[1]
Apparently the Master believed the testimony of the wife and thus we are unable to find reversible error demonstrated.
AFFIRMED.
GLICKSTEIN, C.J., and DOWNEY and ANSTEAD, JJ., concur.

. Goedmakers v. Goedmakers, 520 So.2d 575 (Fla.1988); Beggs v. Beggs, 570 So.2d 1103 (Fla. 1st DCA 1990); Rakusin v. Rakusirt, 569 So.2d 893 (Fla. 4th DCA 1990); Crawford v. Crawford, 415 So.2d 870 (Fla. 1st DCA 1982).