PETERSON, J.
Rafael Zur and Aztec Capital Corporation (collectively, “Aztec”), appeal the denial of its motion to abate Air Orlando Sales, Inc.’s action for breach of contract and fraud arising out of Air Orlando’s purchase *727 of an aircraft from Aztec. The trial court treated the motion as a request to transfer venue to Broward County and by denying it, kept the action in Orange County. We agree with the decision to treat the motion as a request to transfer venue, but reverse the refusal to transfer venue to Broward County.
Air Orlando Sales, Inc. (“Air Orlando”), purchased a used Piper Chieftain from Aztec. The contract provided for a pre-purchase inspection and test flight by Air Orlando. Air Orlando made a squawk list of deficiencies to be repaired or replaced, and later took delivery of the airplane at Fort Lauderdale Executive Airport in Bro-ward County, Florida. Air Orlando then flew the airplane to Orange County, where a second inspection of the airplane allegedly revealed numerous defects and items on the squawk list that had not been remedied. Thereafter, Air Orlando filed an action against Aztec in the Orange County Circuit Court, alleging breach of contract and fraud in the inducement. Aztec responded by filing its motion to abate the proceedings in Orange County.
Section 47.011, Florida Statutes (1997) provides that “[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” Aztec resides in and has its principal place of business in Broward County. The aircraft was purchased by Aztec in Broward County and the alleged fraud and resulting injury also occurred there. PricewaterhouseCoopers LLP v. Cedar Resources, Inc., 24 Fla. L. Weekly D2094, - So.2d -, 1999 WL 770736 (Fla. 2d DCA Sept. 10, 1999) (the cause of action accrues where the wrong and the injury both accrue). Therefore, the only remaining statutory authority to maintain the action outside of Broward County is by way of the location of the property in litigation.
Air Orlando asserts the trial court’s decision to maintain venue in Orange County should be upheld because the airplane is “property in litigation,” as described in section 47.011, and Orange County is where the airplane is presently located. We disagree.
The action in the instant case arose out of the purchase of property, but neither the property, the airplane, nor its title is the basis of this litigation. Air Orlando seeks damages from Aztec for breach of contract and fraud. There is no dispute over the right of possession of the airplane and it cannot qualify under section 47.011 as the “property in litigation.” We also caution that even if Air Orlando had raised a property or title issue in its action, this would not have given Air Orlando the broad latitude of choosing venue wherever it locates the airplane at the time suit is filed. That latitude would allow Air Orlando to initiate action in any county in Florida by flying the aircraft to the chosen county at the time of filing suit. The statutory provision allowing venue where “the property in litigation is located,” generally pertains to immobile real property, as opposed to mobile, personal property. Goedmakers v. Goedmakers, 520 So.2d 575 (Fla.1988), explained that in a “local action,” a proceeding involving property having a fixed location, venue lies in the county where the subject property is located because courts lack jurisdiction in actions relating to real property located outside their territorial boundaries. “Where the action is personal or transitory, such as an action on a debt, contract, or other matter relating to a person or to personal property, a defendant has the privilege of being sued either in the county of his residence or in the county where the cause of action accrued.” Id. at 578.
Aztec could only be sued in Broward County, the county of residence and the county where the sales transaction took place and the cause of action accrued. The trial court’s order denying the request to transfer venue to Broward County is vacated, and this cause is remanded with *728 instructions to transfer this cause to the circuit court in Broward County, Florida.
REVERSED AND REMANDED.
ANTOON, C.J. and HARRIS, J., concur.