IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KENNETH MATHEW DYAL,

      Appellant,

v.                                    Case No.  5D17-848

LISA FLEUR DYAL,

      Appellee.

_____/

Opinion filed July 28, 2017

Non-Final Appeal from the
Circuit Court for Orange
County,
Janet C. Thorpe, Judge.

Michael M. Kest, of Kest Law, PLLC, Winter
Park, for Appellant.

Eugene B. Nichols and Kyle Bedran, of
Nichols & Pina, LLLP, Jacksonville, for
Appellee.


EDWARDS, J.

      Kenneth Mathew Dyal ("Plaintiff") appeals the trial court's order granting Lisa Fleur

Dyal's ("Defendant") oral motion to transfer venue.  Plaintiff argues that the trial court

erred in granting Defendant's oral motion.  We agree, reverse the order transferring venue

to St. Johns County, and remand for further proceedings consistent with this opinion.

Plaintiff and Defendant divorced in October 2014. Plaintiff alleged in his complaint that before, during, and after the marriage, he was employed by Walt Disney World and received a limited number of free park-hopper admissions to Disney World parks as an employee benefit.

During the marriage, Plaintiff provided Defendant with a spouse pass that she could use while they were married to utilize the limited number of free admissions allocated to Plaintiff. Plaintiff alleged in his complaint that when they divorced, he told Defendant not to use the spouse pass and requested that she return it to him. However, according to the complaint, Defendant repeatedly continued to use her spouse pass, and exhausted the limited number of free admissions, depriving Plaintiff of that valuable employee benefit.

Plaintiff sued Defendant for conversion and civil theft. In his complaint, he alleged that venue was proper in Orange County and that Defendant resided in Duval County; Defendant admitted both of these allegations in her answer. However, Defendant also asserted that Duval County was the more appropriate venue. Defendant filed a motion to transfer venue to Duval County to serve the convenience of the parties and the interest of justice. Plaintiff responded to that motion, asserting, among other things, that Duval County was an inconvenient venue.

A hearing was held during which Defendant apparently abandoned her motion to transfer venue to Duval County and orally moved to transfer venue to St. Johns County. The trial court denied the written motion to transfer venue to Duval County, but granted the oral motion, finding that venue was proper in St. Johns County. Plaintiff thereafter filed a motion for reconsideration regarding Defendant's oral motion. Plaintiff asserted

that Defendant's oral motion had not been properly noticed for hearing, thus denying Plaintiff due process by granting relief not requested in the pleadings. Plaintiff also asserted that Defendant waived any claim of improper venue. The court denied the motion for reconsideration. Although there was no court reporter present, and thus no transcript of the hearing, the trial court's order, the appendices, and the parties' briefs confirm these events.

The trial court's order cannot be sustained as a transfer based upon an initially improper choice of venue as the case could not properly have been commenced in St. Johns County. Section 47.011, Florida Statutes (2016), explains where an action may be brought: "Actions shall be brought only in the county where [1] the defendant resides, [2] where the cause of action accrued, or [3] where the property in litigation is located." First, Defendant admittedly resided in Jacksonville, located in Duval County, at the inception of the case. Second, as Plaintiff argued in his motion for reconsideration, the cause of action accrued in Orange County because that is where he first suffered injury when Defendant allegedly wrongfully used the spouse pass. *See McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.*, 39 So. 3d 504, 509 (Fla. 4th DCA 2010) ("[A] tort accrues in the county where the plaintiff first suffers injury." (citations omitted)). Third, the "location of the property in litigation" provision does not apply here because the free admissions to Disney and the spouse pass are personal property, not real property. *See Zur v. Air Orlando Sales, Inc.*, 751 So. 2d 726, 727 (Fla. 5th DCA 2000) ("The statutory provision allowing venue where 'the property in litigation is located,' generally pertains to immobile real property, as opposed to mobile, personal property."). Furthermore, Defendant waived the defense of improper venue because she did not contest, but in fact agreed, in

3

her answer that Orange County was a proper venue.  *See* Fla. R. Civ. P. 1.140(b)(3), (h)(1).

The trial court's order transferring venue from Orange County to St. Johns County cannot be sustained based upon forum non conveniens, as Defendant argues in her brief, because the order is fundamentally erroneous on its face.  Section 47.122, Florida Statutes (2016), which addresses forum non conveniens, states, "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."[1]  As noted above, this case could not properly have been initiated in St. Johns County based upon section 47.011, Florida Statutes (2016).

For the reasons set forth above, we find that the trial court erred in ordering the case transferred from Orange County to St. Johns County.  We reverse the order granting Defendant's oral motion to transfer venue to St. Johns County, instruct the trial court to enter an order denying Defendant's motions to transfer venue, and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

WALLIS and EISNAUGLE, JJ., concur.

---

[1] Defendant concedes that no witnesses testified at the hearing regarding any issues relevant to forum non conveniens.