WIGGINTON, Judge.
In his wife’s dissolution of marriage action, husband appeals the trial court’s order denying a change of venue from Jacksonville to Tallahassee. We affirm.
The parties resided in Jacksonville from the date of their marriage in 1966 until January, 1981, when, due to the termination of his position as an attorney for a state agency, husband found it necessary to leave that city and the marital home to take a job with the Division of Statutory Revision in Tallahassee. He signed a one year lease on an apartment and brought a few personal items over from their home during his weekend trips to visit the family. The wife maintained the jointly owned Jacksonville home and remained there with their daughter. The decision to relocate the family apparently depended on the permanency of husband’s job, but the extent of this understanding is in conflict. At any rate, the wife was not willing to sacrifice her tenured teaching status without some tangible assurance of her husband’s being able to bring home a paycheck. As misfortune would have it, husband was terminated from his state position in Tallahassee and, in April, 1983, began a fruitless search for legal employment on the West Coast of the state as well as at the University of Florida and the University of North Florida.
In evident frustration, the wife filed her petition for dissolution of the marriage in Jacksonville on September 21, 1983, which was followed by husband’s flurry of activity, including, among other things, changing his voter registration, driver’s license residence, and Florida Bar registration to his Tallahassee apartment address, and opening there a private law office. Husband’s vehicle registration, insurance billing, W-2 forms, and credit card accounts were retained at or sent to his Jacksonville home address. Finally, the trial judge had the benefit of the husband’s testimony which included:
Q From the time you moved to Tallahassee, didn’t you have a desire to return to Jacksonville for full time employment?
A Yes. There were no jobs available when I went to Tallahassee. It was the only job I could get.
Q You were trying to get back to Jacksonville after you moved to Tallahassee?
A All the time. I looked up through the first three or four months until it became summer, yes.
Appellant argues that the twenty-seven month separation from his “atomic family,” as portrayed in Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975), aff'd, 341 So.2d 771 (Fla.1977), and earlier in Judd v. Schooley, 158 So.2d 514 (Fla.1963), establishes his residence apart from his wife’s and permits him the exclusive right to be sued in his new location.
Our review of the record does not reveal an “atomic family” of the 1980’s, the partners of which, while expressing a marital union, are separately pursuing his and her own professional endeavors in distant cities where greater opportunity beckons. Rather, we see here a fifteen year marriage, the cautious wife being a tenured school teacher and the husband, while possessing the credentials for earning a more than modest livelihood, being a bit down on his luck. In short, the scenario depicts a couple, who, at the time of the breakup, was struggling for financial survival.
Where, as here, venue is contested, the locus of the cause of action must be decided by the trier of fact consistent with the meaning and application of section 47.-011, Florida Statutes.
This Court established its position on the issue of venue in divorce cases through Judge Robert Smith’s opinion in Carroll v. Carroll, supra, where he stated:
To protect the beneficial purposes of both the marriage dissolution legislation and the venue statute, we are required to look, not for the county or the scattered counties where the breach may be said to *85 have occurred, but to the single county where the marriage last existed. In that county the intact marriage was last evidenced by a continuing union of partners who intended to remain and to remain married, indefinitely if not permanently.
At 57. Also see Crawford v. Crawford, 415 So.2d 870 (Fla. 1st DCA 1982).
We find no abuse of the trial court’s discretion in concluding that husband’s move to Tallahassee was a temporary measure, and that proper venue was Duval County where the marriage last existed with common union.
AFFIRMED.
SMITH and JOANOS, JJ., concur.