## GELLER v DAVID'S ART, INC., etc.

### Case No. 88-33065-11

Seventeenth Judicial Circuit, Broward County

March 30, 1990

**APPEARANCES OF COUNSEL**

**Robert M. Geller, Esquire,** for appellant.

**Jay M. Klitzner, Esquire,** for appellee.

### OPINION OF THE COURT

JOSEPH E. PRICE, Circuit Judge.

THIS CAUSE comes before the Court on a non-final Order denying Appellant Scott Geller's Motion to Change Venue. For the following reasons, the trial court's decision is affirmed.

On August 11, 1988 the Appellee, David's Art, Inc. served its complaint on Appellant, Scott Geller in the County Court of Broward County, Florida seeking damages for non-payment of an open account for the delivery of artwork to Geller in Hillsborough County, Florida and alleging payment due in Broward County. Appellant Scott Geller moved to change venue in Hillsborough County alleging that at all times material to the cause of action, Appellant lived in Hillsborough

County and that more importantly, the Appellee had agreed to accept payment in Hillsborough County for the goods shipped.

At trial there existed a factual dispute as to where payment was due for the goods received. The artwork was delivered to the Appellant's home in Tampa in six different shipments over a three month period. Invoice Number 3337, dated October 22, 1987 is marked COD. It is the only one of the seven invoices bearing this legend. Appellant contends that this bill standing alone indicates Appellee's agreement to accept payment in Hillsborough County.

Appellee, however, states that there was no written agreement indicating where payment was to be received and points to the bill of lading attached to the Appellee's sworn testimony which indicates that the goods were shipped prepaid and not COD.

The trial court, upon hearing the party's testimony and reviewing the evidence entered an Order denying the Appellant's Motion to Change Venue on November 28, 1988.

Under Florida law, the plaintiff's choice of venue is usually favored if the election is one which has been properly exercised under the applicable statute. *Houston v Caldwell*, 359 So.2d 858 (Fla. 1978). The party seeking the change in venue has the burden of establishing that the initial choice of venue was improper. *Crescent Beach Inc. v Jarris*, (Fla. 5th DCA 1983).

Since there is no real property involved here, venue against the appellant will lie either in 1) the Appellant's residence or 2) where the cause of action accrued. Section 47.011 Fla. Statutes (1981).[1] There is no question that venue would be proper in Hillsborough County, as it is the county of the appellant's residence. The real question is whether the cause of action accrued in Hillsborough County or Broward County.

Where venue is contested, the locus of the cause of action must be decided by the trier of fact consistent with the meaning and application of the statute. *Eisenberg v Eisenberg*, 453 So.2d 83 (Fla. 1st DCA 1984).

Money due under a contract creates a debtor/creditor relationship between the parties. *Carter Realty v Roper Brothers Land Co.*, 461 So.2d 1029 (Fla. 5th DCA 1985). "Where a contract involves payment

---

[1] Section 47.011 *Where Action May be Begun*

"Actions shall be brought only in the county where the defendant resides, where the cause of action accrued or where the property in litigation is located. This section shall not apply to nonresidents."

of money,and no place of payment is expressly agreed upon, it may be implied that the payment is to be made where the payee resides or has an established place of business and where payment under the contract may be made. Where there is an express promise to pay and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed." *Katz v Reibard Plumer CO.,* 479 So.2d 874 (Fla. 3d DCA 1985).

The record is unclear as to whether payment was to be collected in Broward County. However, the record is devoid of any express agreement to accept payment in Hillsborough County. The trial court was able to hear testimony and receive evidence upon the question of venue. It would go beyond this Court's scope of review to reevaluate the factual determinations of the trial court.

As such, Appellant has failed to meet its burden of showing that venue was improperly placed in Broward County. Therefore, based on the foregoing it is hereby:

ORDERED AND ADJUDGED that the Trial Court's decision is affirmed.

DONE AND ORDERED in Chambers at the Broward County Courthouse, Fort Lauderdale, Florida 33301, this 29th day of March, 1990.