PER CURIAM.
In this dissolution of marriage matter, Melissa Bowman appeals a nonfinal order entered by the Leon County Circuit Court denying Mrs. Bowman’s motion to change venue from Leon County to Palm Beach County. We affirm.
Mrs. Bowman asserts that because she and her infant daughter left the marital home in Tallahassee and, with the knowledge and cooperation of Mr. Bowman, moved to West Palm Beach, where they resided for a period of five months before Mr. Bowman petitioned for dissolution of marriage, that venue is proper only in Palm Beach County. We have located no case authority applying such a proposition to a dissolution of marriage case. Rather, it is clearly established in Florida that a cause of action for dissolution accrues, for purposes of applying the venue statute, section 47.011, Florida Statutes (1991), in the single county where the parties last lived with a *400 common intent to remain married. Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975), aff'd 341 So.2d 771 (Fla.1977); Smith v. Smith, 430 So.2d 521 (Fla. 2d DCA 1983). We perceive that the fact that child custody or visitation may become an issue in this dissolution proceeding does not, in and of itself, abrogate the general venue rule applicable to dissolution of marriage cases.
AFFIRMED.
ERVIN, WIGGINTON and KAHN, JJ., concur.