THE FIRST NATIONAL BANK OF BOSTON *vs.* RAYMOND IBARRA.

No. 97-P-1788.

Suffolk. May 6, 1999. - September 2, 1999.

Present: JACOBS, GILLERMAN, & GREENBERG, JJ.

*Guaranty. Mortgage,* Foreclosure. *Practice, Civil,* Service of process.

Where the guarantor of a mortgage note consented in the guaranty to service
at a specified address and never notified the bank of his change of address,
the bank's failure to serve him within ninety days of filing its complaint
was not a basis for dismissal of the action, and a Superior Court judge cor-
rectly concluded that good cause existed for the bank to be allowed to
amend its complaint to reflect the defendant's new address and for leave to
serve the defendant with copies of the original and amended complaints.
[662-663]

Summary judgment was correctly granted in favor of a bank on a claim under
a guaranty of a mortgage note in default, where nothing in the materials
presented demonstrated any factual basis for concluding that the premises
had been sold in a commercially unreasonable manner. [663]

CIVIL ACTION commenced in the Superior Court Department on
November 13, 1995.

A motion to dismiss was heard by *John C. Cratsley,* J., and
the case was heard by *Margaret R. Hinkle,* J., on a motion for
summary judgment.

*Richard L. Yospin* for the defendant.

*Craig J. Ziady (Dennis E. McKenna* with him) for the
plaintiff.

GREENBERG, J. The plaintiff, a Massachusetts bank, brought
this action against the defendant as guarantor of a mortgage
note, which was in default. On December 3, 1996, a Superior
Court judge denied a motion to dismiss the complaint under
Mass.R.Civ.P. 12(b)(5) and 12(b)(6), 365 Mass. 754 (1974). He
rejected the defendant's contention that the complaint had not
been properly served in accordance with Mass.R.Civ.P. 4(j), as

amended, 402 Mass. 1401 (1988).[1] After that hearing, another judge allowed the plaintiff's summary judgment motion concluding, on the basis of an uncontradicted affidavit of a co-maker of the guaranty, that there was "no genuine issue of material fact regarding the execution or default on the personal guaranty claim." From the resulting judgment for the plaintiff, the defendant has appealed.

We sketch the facts necessary to frame the procedural issue, taken from the docket entries, the pleadings, and the judge's memorandum of decision denying the defendant's motion to dismiss. After the plaintiff filed the complaint, on November 13, 1995, thus triggering the running of the ninety-day period for personal service under rule 4(j), a deputy sheriff certified that he had served a copy of the summons and complaint upon the defendant at his last and usual place of abode, 6 Lyman Road, Framingham. This was the address the defendant had given the plaintiff for purpose of sending all communications and notices concerning the unlimited guaranty agreement.

That process, however, never reached the defendant because on October 10, 1995, the defendant had moved to 1500 Worcester Road, Framingham. Before moving, the defendant had taken his nameplate from the mailbox. Among others, he notified the telephone company, the Registry of Motor Vehicles, the cable television company, and the United States Postal Service. He did not notify the bank of his move.

When Karen Reynolds, who had moved to the defendant's old address on Lyman Road, found the legal documents left at her front door addressed to the defendant, she immediately called the plaintiff's legal office and explained that the defendant no longer lived there. When she asked for instructions on what to do with the papers, she was told by an unidentified employee to throw them out. Nothing was forwarded to the defendant, nor was he informed by Reynolds or anyone from the plaintiff's legal department of their existence.

It is not necessary to chronicle in detail the history of missed deadlines and failed procedural performances which followed.

---

[1]Rule 4(j) provides: "Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

By March, 1996, the defendant finally learned of the lawsuit when a letter from the plaintiff's attorney was forwarded by the postal authorities to the defendant's Massachusetts business address. The default that had lodged against him was removed without opposition from the plaintiff. Eventually, on May 8, 1996, the defendant filed a motion to dismiss the complaint together with his affidavit, which stated, among other things, that he had still not been served with a copy of the summons or the complaint.

That caused the plaintiff's attorney to file a "notice of [the plaintiff's] intention to amend its complaint as a matter of course" to reflect the defendant's new address and for leave to serve him with copies of the original and amended complaints. When both of these pretrial motions came before the judge, he treated the plaintiff's notice as a motion, and he allowed the amendment and denied the defendant's motion to dismiss, finding "good cause" for the bank's failure to serve the defendant within the ninety days mandated by rule 4(j).

In the circumstances of this case, we need not decide whether the plaintiff was entitled to rely on the deputy sheriff's return of service as proof of its validity, even though the plaintiff had actual notice that service of process may have been ineffective. There is another argument which the plaintiff touches upon in its brief, which provides a ground for the judge's denial of the motion to dismiss the complaint. See *Doeblin* v. *Tinkham Dev. Corp.*, 7 Mass. App. Ct. 720, 722 (1979), and cases cited (a correct decision may be sustained on appeal on any valid ground, even if not stated below).

Paragraph 12 of the "unlimited guaranty," signed by the defendant, provides that "[a]ll notices and other communications called for hereunder shall be made in writing and . . . shall be deemed to have been duly made or given when delivered . . . at the address set forth beneath the [defendant's] signature hereto [i.e., the Lyman Road address] . . . or at such address as [the defendant] may designate in writing." The paragraph that follows states, "The Guarantor agrees that any suit for the enforcement of this Guaranty may be brought in the courts of the [Commonwealth] . . . *and consents to . . . service of process in any such suit being made upon the Guarantor by mail at the address specified in Section 12 hereof*" (emphasis added).

Instruments of guaranty, like other contracts, are enforceable

in accordance with their terms, and the rights of the parties must be ascertained from the terms of the guaranty instrument. *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 725-726 (1977). *Shawmut Bank, N.A.* v. *Wayman*, 34 Mass. App. Ct. 20, 23 (1993). Since the execution of the guaranty in 1988, the defendant never notified the plaintiff of his change of address. This omission proves fatal to the defendant's appeal.

Of the numerous other arguments raised by the defendant concerning the second judge's ruling on the plaintiff's motion for summary judgment, all without merit, we touch on one. The defendant advances the argument that whether the foreclosure sale was conducted in a commercially reasonable manner requires a trial and is not appropriate for summary judgment. We have examined the defendant's opposition materials, and they say no more than that the bank auctioned the property at the foreclosure sale. The defendant, in his deposition, admits that he had knowledge of the price the property brought at the sale. Nothing in the materials could be fairly read as proof that the premises were sold in a commercially unreasonable manner. Cf. *Pemstein* v. *Stimpson*, 36 Mass. App. Ct. 283, 286-292 (1994). Affidavits and depositions must set forth averments of specific facts. Vague and general allegations of expected proof are wholly inadequate. *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 245 (1976).[2]

*Judgment affirmed.*

---

[2]We have examined, too, the transcript of the assessment of damages hearing and can find no evidence that the defendant, as he argues on appeal, objected to the judge's — as opposed to a jury's — determination of damages. Claims that have not been raised below are deemed generally to have been waived on appeal *Palmer* v. *Murphy*, 42 Mass. App. Ct. 334, 338 (1997).