823 So.2d 195 (2002)
William C. BARKER and Phyllis Barker, Appellants,
v.
GREENSTREET FINANCIAL L.P. etc., Appellee.
Nos. 3D01-3461, 3D01-2832.
District Court of Appeal of Florida, Third District.
July 17, 2002.
Norman L. Hull, Orlando, for appellant.
Aragon, Burlington, Weil & Corckett and Kevin C. Kaplan, Miami, for appellee.
Before GREEN and SHEVIN, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Borrowers William and Phyllis Barker appeal from the final judgment and underlying interlocutory order granting a default against them, in which the court determined it had in personam jurisdiction over them. To procure the order granting a default, lender Greenstreet Financial L.P., filed and served a written motion upon the Barkers advising them of the anticipated hearing on the matter. At that hearing, the court granted Greenstreet's motion, finding that the Barkers had evaded *196 service of the amended complaint. Thereafter, the court entered final judgment which was not further opposed, and the Barkers effected both an interlocutory appeal as well as an appeal from the final judgment.
The Barkers' claim here is that the service by mail, certified mail return receipt requested, did not comport with the requirements of section 48.031, Florida Statutes (2000) and Florida Rule of Civil Procedure 1.070. Therefore, they maintain, they had never been properly served and the trial court did not have jurisdiction to enter the rulings under appeal. We disagree, and affirm both the order and the judgment.
In the loan documents forming the basis of the instant dispute, each of the Barkers agreed as follows:
8. CONSENT TO JURISDICTION. THE UNDERSIGNED HEREBY IRREVOCABLY SUBMITS TO THE NONEXCLUSIVE JURISDICTION OF ANY UNITED STATES FEDERAL OR STATE COURT SITTING IN MIAMI-DADE COUNTY, FLORIDA, IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTEE, AND THE UNDERSIGNED HEREBY IRREVOCABLY AGREE(S) THAT ALL CLAIMS IN RESPECT OF SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN ANY SUCH UNITED STATES FEDERAL OR STATE COURT. SERVICE OF COPIES OF THE SUMMONS AND COMPLAINT AND ANY OTHER PROCESS WHICH MAY BE SERVED IN ANY SUCH ACTION OR PROCEEDING MAY BE MADE BY MAILING OR DELIVERING A COPY OF SUCH PROCESS TO THE UNDERSIGNED at his last known address.
In National Equipment Rental v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), the Court considered a case arising in diversity where Michigan residents leased farm equipment from a New York-based company. The contract contained choice of forum and choice of law clauses, both in favor of New York. The lessees did not read this provision. The Court held the clause enforceable because "it is settled ... that parties to a contract may agree in advance to submit to the jurisdiction of a given court...." Id. at 315-16, 84 S.Ct. 411. We find that National Equipment is directly applicable to the instant case and confirms the trial court's decision that the Barkers could agree in advance to submit to the jurisdiction of the Miami court and be bound by that promise.[*]See First National Bank v. Ibarra, 47 Mass.App.Ct. 660, 716 N.E. 2nd 647, 649 (1999)(upholding service by mail upon guarantor at address as specified in contract). See also Beautytuft, Inc. v. Factory Insurance Assoc., 48 F.R.D. 15, 26 (E.D.Tenn.1969)(A party may waive or be estopped from asserting an objection to service of process by reason of a stipulation in a contract.)
We note that nothing in either the statute or the rule prohibits the procedure here employed, nor can we see how such an arrangement violates constitutional concepts of due process, the common law, or common sense. A contract which precludes the introduction of certain evidence is a good example of an analogous contractual undertaking. Here, Greenstreet's motion for a default recited that attempts to personally serve the Barkers had failed, *197 which prompted the mailing of service to the Barkers as agreed upon. In granting the default, the court found the Barkers had evaded personal service. Thus, the order of default was properly entered pursuant to Florida Rule of Civil Procedure 1.500(b).
Affirmed.
NOTES
[*] Because we find the Barkers were amenable to the personal jurisdiction of the court, the entry of final judgment prior to the disposition of the interlocutory appeal did not divest this court of jurisdiction to effectuate its mandate.