861 So.2d 1264 (2003)
TOP DOLLAR PAWN TOO, INC., and Advance Auto Body & Sales, Inc., Appellants,
v.
Carl KING, Appellee.
No. 4D02-2963.
District Court of Appeal of Florida, Fourth District.
December 17, 2003.
Norman Zimmerman of Zimmerman, Zimmerman & Micelli, P.A., Pompano Beach, for appellants.
John E. Carter and Thomas A. Robes of Carter & Thomas, LLP, Boca Raton, for appellee.
MAY, J.
Two defendants, Advance Auto Body & Sales, Inc. and Top Dollar Pawn Too, Inc., appeal the denial of their Amended Motion to Vacate, Dissolve and Set Aside a Temporary Injunction, Default Judgment and Final Judgment. They argue that the *1265 plaintiff's failure to properly serve them with the Complaint and Petition for Temporary Injunction and/or Temporary Restraining Order required the trial court to vacate the default judgment and temporary injunction. Secondarily, they argue that the trial court erred in entering an injunction because the plaintiff failed to establish irreparable harm. As to Advance, we agree that the plaintiff failed to properly serve the verified complaint and therefore reverse that part of the order. We find no error in the court's ruling concerning the service on Top Dollar. We affirm in all other respects.
In July 2001, the plaintiff brought his 1960, model 62, 2-door convertible to a repair shop. He alleged that the repair shop breached its duty by entrusting the car to an unreliable third party and/or by failing to compensate the third party for repairs performed on the car. The "unreliable third party" is Advance.
Advance acquired title to the car by purchasing it at an auction after the plaintiff allegedly failed to pay the repair shop. Top Dollar was attempting to sell the car on behalf of Advance. When the plaintiff learned that Advance and Top Dollar were in possession of the vehicle, he filed the verified complaint.
Both Advance and Top Dollar are corporations organized and doing business under the laws of the State of Florida. Their principal place of business is in Broward County, Florida. Norman Zimmerman is the registered agent for Advance. Henry A. Peterson is the registered agent for Top Dollar.
The verified return of service on Advance stated that service was made upon "SHEILA GOLDMAN, as OFFICE MANAGER, AUTHORIZED TO ACCEPT ON BEHALF OF MR. ZIMMERMAN." The verified return of service on Top Dollar indicated that Henry A. Peterson, Registered Agent for Top Dollar, was served. Neither Advance nor Top Dollar responded to the complaint.
On February 2, 2002, the trial court entered an ex parte temporary restraining order against Advance and Top Dollar. On March 25, 2002, the plaintiff obtained defaults against both of them. The trial court then entered a final judgment, quieting title to the car against Advance, Top Dollar, and the repair shop. The trial court found the plaintiff to be the sole owner of the car. The court authorized the sheriff to give possession of the car to the plaintiff and assessed joint and several liability for costs against Advance and Top Dollar.
On May 10, 2002, Advance and Top Dollar served an amended motion to vacate. Following an evidentiary hearing, the trial court denied the amended motion. It is from this order that the defendants appeal.
Three principles control the outcome of this case. First, the standard of review for an order denying a motion to vacate a default judgment is abuse of discretion. George v. Radcliffe, 753 So.2d 573 (Fla. 4th DCA 2000) (on rehearing). Second, statutes concerning service of process are to be strictly construed. York Communications, Inc. v. Furst Group, Inc., 724 So.2d 678 (Fla. 4th DCA 1999). Third, service on a domestic corporation may be effectuated only by complying with section 48.081, Florida Statutes (2002).
Section 48.081(3) provides that "process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted *1266 on any employee at the corporation's place of business."[1] § 48.081(3), Fla. Stat. (2002).
The verified return of service for Top Dollar indicated that Henry A. Peterson, registered agent, had been served. Since this service is in accordance with sections 48.081 and 48.091, the court did not abuse its discretion when it denied Top Dollar's amended motion to vacate.
However, the verified return of service for Advance indicated that service was made on Sheila Goldman, an employee of the registered agent, Zimmerman. Section 48.081 does not provide for service upon an employee or agent of the registered agent. See York Communications, Inc., 724 So.2d at 679. Because the plaintiff failed to perfect service on Advance, the trial court abused its discretion when it failed to vacate the default against that entity. Consequently, the judgment and temporary injunction as to Advance must also be vacated.
We find no merit in the second issue raised concerning whether the plaintiff established irreparable harm to warrant the issuance of the ex parte temporary restraining order against Top Dollar. As this court held in Schiller v. Miller, 621 So.2d 481 (Fla. 4th DCA 1993), a trial court's findings when supported by the evidence will not be disturbed absent an abuse of discretion. We find no abuse of discretion in the court's findings on this issue. Thus, we hold there is no error in the issuance of the temporary restraining order as to Top Dollar. The case is reversed in part, affirmed in part, and remanded to the trial court for further proceedings consistent with this opinion.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] Section 48.091, Florida Statutes (2002), establishes the responsibility of Florida corporations to designate a registered agent and specifies the requirements for the office of a registered agent.