863 So.2d 473 (2004)
GREYSTONE TRIBECA ACQUISITION, L.L.C.; Stephen Rosenberg; and Rector Holding Corporation, Appellants,
v.
Shirley RONSTROM, as Personal Representative of the Estate of James Massa, deceased, Appellee.
No. 2D03-2029.
District Court of Appeal of Florida, Second District.
January 21, 2004.
*474 Scott A. Mager and Elaine J. LaFlamme of Mager Shafer, Fort Lauderdale, for Appellants.
Robert C. Widman and James E. Keim of Morris, Widman & Keim, P.A., Venice, for Appellee.
WALLACE, Judge.
Greystone Tribeca Acquisition, L.L.C., Stephen Rosenberg, and Rector Holding Corporation (the Appellants) argue that the trial court erred when it denied their motion to dismiss for lack of personal jurisdiction in a nonfinal order. Because the appellee, Shirley Ronstrom, failed to establish jurisdiction under Florida's long-arm statute, we reverse.
Ronstrom, as personal representative of the estate of James Massa, filed a two-count complaint against several defendants, including the Appellants, alleging that the defendants failed to provide adequate and appropriate health care to James Massa while he was a resident at the Colonial Care Center located in Pinellas County, Florida. In her complaint, Ronstrom alleged that the Appellants "established, conducted business as, managed, *475 operated, owned, maintained, and/or assumed liability for Colonial Care Center." The Appellants filed a motion to dismiss and asserted that they were not subject to the jurisdiction of the Florida court. Each Appellant submitted an individual affidavit. Greystone's affidavit recited that it is a Delaware limited liability company; that Greystone has not conducted business in Florida; that it has not appointed an agent for service of process in Florida; that it has no office or place of business in Florida; and that it has no employees in Florida. Rosenberg's affidavit stated that he is a New York resident who is a member of Greystone; that he is not directly involved in the daily operations of Colonial Care Center; and that he has no office or place of business in Florida. Rector's affidavit asserted that it is a New York corporation; that it is not qualified to do business in Florida; that it has no office or place of business in Florida; that it has no employees in Florida; and that it has neither incurred nor paid taxes to Florida. In response, Ronstrom filed an affidavit of James E. Keim, who had requested records from the Agency for Healthcare Administration, and Ronstrom attached the records received as a result of Keim's request. These records indicate only that Greystone is a member (having at least a five percent interest) of defendant Colonial Care NH, L.L.C. (the owner, operator, and licensee of Colonial Care Center) and that Rosenberg and Rector were members of Greystone.
Our standard of review on the issue of personal jurisdiction over a nonresident defendant is de novo. See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582 (Fla.2000). Additionally, we are required to strictly construe Florida's long-arm statute. See Esberger v. First Fla. Bus. Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976).
The Florida Supreme Court in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), established the procedure to be followed in cases in which the plaintiff asserts that the trial court has jurisdiction by virtue of Florida's long-arm statute. First, "the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts." Id. at 502. If the defendant wishes to contest the basis for jurisdiction or to raise a contention of minimum contacts, he must file affidavits in support of his position. Id. The burden is then on the plaintiff to submit an affidavit proving that jurisdiction may be obtained. Id. If the affidavits can be harmonized, the court can make a decision based upon facts which are undisputed. Id. at 502-03 (citing Elmex Corp. v. Atl. Fed. Sav. & Loan Ass'n of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976)). The court's decision must resolve (1) whether there are sufficient jurisdictional facts to bring the action within the long-arm statute, and (2) whether the nonresident defendant has sufficient minimum contacts with Florida to satisfy due process requirements. Id.; see also Kin Yong Lung Indus. Co. v. Temple, 816 So.2d 663 (Fla. 2d DCA 2002).
The allegations of Ronstrom's complaint established that the only basis claimed for jurisdiction was under section 48.193(1)(a), Florida Statutes (2001), which provides as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

*476 (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
Although Ronstrom complied with the Venetian Salami procedure to establish jurisdiction by filing an affidavit, the affidavit establishes only that Greystone was a parent limited liability company whose subsidiary limited liability company, Colonial Care Center NH, L.L.C., owned the Colonial Care Center and that Rosenberg and Rector were members of Greystone. Florida decisions have held that the presence of a subsidiary corporation within Florida is not enough to subject a non-Florida parent corporation to long-arm jurisdiction within this state. See Capital One Fin. Corp. v. Miller, 709 So.2d 639 (Fla. 2d DCA 1998); Phillips v. Orange Co., 522 So.2d 64 (Fla. 2d DCA 1988); Qualley v. Int'l Air Serv. Co., 595 So.2d 194 (Fla. 3d DCA 1992); McLean Fin. Corp. v. Winslow Loudermilk Corp., 509 So.2d 1373 (Fla. 5th DCA 1987). Thus Ronstrom's reliance upon Greystone's ownership of the limited liability company that owns the Colonial Care Center and Rosenberg's and Rector's interest in Greystone is unavailing and does not establish that the Appellants conduct business in Florida so as to subject them to the long-arm jurisdiction of Florida courts pursuant to section 48.193(1)(a).
Furthermore, assuming the undisputed jurisdictional facts fell within section 48.193(1)(a), the Appellants must have sufficient minimum contacts with Florida to satisfy due process requirements. See Venetian Salami, 554 So.2d at 502. The test is whether their conduct is such that they "should reasonably anticipate being haled into court" in Florida. Id. at 500 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Greystone's and Rector's affidavits establish that they are a foreign limited liability company and a corporation, respectively, that do not maintain offices, agents, or employees in Florida. Rosenberg's affidavit establishes that he is not a resident of Florida nor does he have an office in the state. Ronstrom's affidavit does not offer any evidence in response that Greystone ever had contact with Florida other than as the parent of the subsidiary that owned the Colonial Care Center. The only contact Rosenberg and Rector have, as revealed in Ronstrom's affidavit, was as members of Greystone. These limited contacts are insufficient to establish that the Appellants could reasonably anticipate being haled into a Florida court.
Because the undisputed facts do not demonstrate a basis for jurisdiction under Florida's long-arm statute, we reverse and remand with directions that the trial court vacate its prior order and dismiss Ronstrom's claims against the Appellants for lack of personal jurisdiction.
Reversed and remanded with directions.
CASANUEVA and COVINGTON, JJ., Concur.