STONE, J.
Appellee (Wife) filed a petition for dissolution of marriage in Broward County. Brevard County, however, is the county where the parties last resided together as husband and wife, with a common intent to remain married, and where Appellant (Husband) still resides. We reverse an order denying Husband’s sworn motion to dismiss for improper venue and conclude that it was error to deny the motion because the record demonstrates that the parties last resided together as husband and wife, with a common intent to live and to “remain married, indefinitely if not permanently,” in Brevard County. Carroll v. Carroll, 341 So.2d 771, 772 (Fla.1977). In other words, Brevard County was the place they last called “home.” Id.
It is undisputed[1] that the parties lived in Broward County for approximately six months after them marriage, at which time Husband moved to Melbourne, in Brevard *1281 County, where he was employed as a physical therapist with the Florida Marlins. Some six months later, Wife also moved to Melbourne. Shortly thereafter, Husband’s employment was terminated and he immediately began seeking employment in other areas, including other states. The parties’ child was born in Brevard County and they lived together in Brevard County for approximately eleven months before Wife and child moved back to Broward County and she filed the subject petition.
At the hearing, Wife acknowledged that all of her belongings were in Melbourne, that she lived and had sometimes worked in Brevard County from June 2001 until November 2002, that Husband and Wife signed a one-year lease for an apartment in 2002, and that Husband changed the address on his driver’s license, but Wife had not. Wife, nevertheless, asserts that she never intended to permanently leave Broward County and always intended to return.
The trial court found that Husband was “looking to relocate to any other venues that would afford him similar employment,” but denied Husband’s motion because, although the court found venue to be proper in either county, it concluded that trial in Broward County was “more convenient to the Wife and child.”
It is well-established that venue, in an action for dissolution of marriage, lies in the county where the parties last lived with a common intent to remain married. See Carroll.
We recognize that the burden is upon Husband, as the party seeking a change of venue, to demonstrate the impropriety of Wife’s selection. See Houchins v. Fla. E. Coast Ry. Co., 388 So.2d 1287, 1290 (Fla. 3d DCA 1980). Nevertheless, here, Wife’s reliance solely on her assertion in court that she intended to return to Broward in the future, taken alone, is not sufficient to overcome the contrary evidence. See Crawford v. Crawford, 415 So.2d 870 (Fla. 1st DCA 1982)(holding trial court is to look to where “the intact marriage was last evidenced by a continuing union of partners who intended to remain and to remain married”).
We have considered Beggs v. Beggs, 570 So.2d 1103 (Fla. 1st DCA 1990), where the court concluded that the wife’s move from Madison County to Leon County was intended to be temporary, for the purpose of the wife’s education, and deem it distinguishable. Similarly, in Eisenberg v. Eisenberg, 453 So.2d 83 (Fla. 1st DCA 1984), there was ample evidence that the parties never intended to abandon Jacksonville as their marital residence, notwithstanding the husband’s temporary move out of the marital home.
Here, there is nothing in the record to support Wife’s contention that, prior to the parties’ separation, the Brevard residence was temporary and that they intended to return to Broward County.
Accordingly, since the parties last resided together with the intent to be married in Brevard County, as the last place where an intact marriage existed, then Wife is not entitled to elect to file in Broward County simply based on a statement of intent which is contrary to the manifest weight of the undisputed evidence that Brevard County was their “home.” See Carroll, 341 So.2d at 772.
We remand for entry of an order in accordance with this opinion.
WARNER and STEVENSON, JJ., concur.

. Husband did not attend the five minute hearing, at which his counsel appeared by telephone. Husband's counsel was apparent *1281 ly not aware that evidence would be taken at the hearing.