906 So.2d 1205 (2005)
Eric M. ANTHONY, Appellant,
v.
GARY J. ROTELLA & ASSOCIATES, P.A., Ray G. Anthony, The New Auto Toy Store, Inc., and John Doe(s), an unknown person or persons, Appellees.
No. 4D04-4245.
District Court of Appeal of Florida, Fourth District.
July 20, 2005.
*1206 Robert F. Elgidely of Elgidely Law Office, Fort Lauderdale, for appellant.
No brief filed for appellees.
PER CURIAM.
Eric Anthony appeals a non-final order denying his motion to quash service of process, challenging the trial court's determination that he waived his right to be served personally. We reverse.
On June 28, 2004, Gary J. Rotella filed a complaint against Anthony, a non-resident of Florida, and directed a process server to serve him at his place of business in Pennsylvania. The process server, waiting outside the gated place of business, was able to contact by telephone a co-worker of Anthony's, Kim Crown. The process server informed Crown that he only had "some papers" for Anthony. Crown then directed a third person, Bill Briugka, to retrieve the papers from the process server at the gate. When Briugka arrived at the gate, the process server served him with the Summons and Complaint.
The Affidavit of the process server stated that he served Anthony with the summons and complaint by serving "Bill Briugka  Employee sent to security gate by Kim Crown  Adm Asst." Rotella later furnished Anthony with an amended verified return of service which stated, that service was executed on "Eric M. Anthony through his assistant Kim Crown. Affiant spoke to Kim Crown by telephone from security gate. She indicated she was authorized to accept service and would send employee to gate. Employee Bill Briugka came to gate and signed summons/complaint."
On August 17, 2004, Anthony filed a motion to quash service of process. In the motion, Anthony contended that the trial court must quash service of process because the service was not consistent with sections 48.194(1) and 48.031(1)(a), Florida Statutes. Anthony never filed an affidavit stating that service was not authorized. The trial court held a special hearing on Anthony's motion to quash service of process. The court held that Anthony had waived personal service, reasoning:
You can waive just about anything . . . [I]t's a matter of I think a presumption of service, albeit it appears that he [Anthony] sent his agents. I don't think they have to be lawyers. And he [Anthony] waived personal service by having *1207 his people accept it in his behalf; I think that's sufficient under the law.
The statute doesn't cover everything. The statute doesn't cover, for example, it doesn't say its permissible to have your lawyer with your consent accept service of process, but we know that's acceptable, even though its not spelled out in the statute ... I understand it's one step removed, its not a lawyer but a non-lawyer. But I still think the law would provide for it. . . .
Now, remember, there was no affidavit filed in opposition [by Anthony]. And I think there's a presumption of effective service when it appears on its face that the defendant waived personal service and had  and authorized people to accept it for him and to give it to him. Good service.
On September 28, 2004, the trial court entered an order denying Anthony's Motion to Quash. Anthony timely appealed.
The standard of review of a trial court's application and interpretation of Florida law is de novo. Gilliam v. Smart, 809 So.2d 905, 907 (Fla. 1st DCA 2002). The standard of review for the issue of personal jurisdiction over a non-resident is also de novo. Greystone Tribeca Acquisition v. Ronstrom, 863 So.2d 473, 475 (Fla. 2d DCA 2004).
Furthermore, "statutes that govern service of process are to be strictly construed to insure that a defendant receives notice of the proceedings. . . . The burden of proving the validity of the service of process is on the plaintiff." Carter v. Lil' Joe Records, 829 So.2d 953 (Fla. 4th DCA 2002). "Absent strict compliance with the statutes governing service of process, the court lacks personal jurisdiction over the defendant." Sierra Holding v. Inn Keepers Supply, 464 So.2d 652 (Fla. 4th DCA 1985).
The Florida statutes applicable for service of process on a non-resident are sections 48.194 and 48.031. Section 48.194(1) provides that "service of process on persons outside this state shall be made in the same manner as service within the state by any officer authorized to serve process in the state where the person is served." Section 48.031(1) sets forth the manner in which service can be made within the state as follows:
(1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
(b) Employers, when contacted by an individual authorized to make service of process, shall permit the authorized individual to make service on employees in a private area designated by the employer.
(Emphasis added). Subsection two (2) of section 48.031 addresses the issue of substitute service. This subsection provides for a limited scope on substitute service and is not applicable in the case sub judice.
In Hauser v. Schiff, the third district held that substitute service of process was not effectuated by a process server who went to the defendant's place of business and, without seeing the defendant, left the summons and complaint with the secretary. 341 So.2d 531 (Fla. 3d DCA 1977). The court in Hauser distinguished what section 48.031 termed as the "usual place of abode" from the place of employment of an individual. Id. at 532; See, e.g., State v. Heffernan, 142 Fla. 496, 195 So. 145 (1940).
*1208 In Top Dollar Pawn Too, Inc. v. King, 861 So.2d 1264 (Fla. 4th DCA 2003), this court held that service was not properly effectuated where the verified return of service indicated that the complaint was delivered to the office manager of the defendant's registered agent, rather than being served upon the registered agent himself. This court held that the service was not authorized by section 48.081, Florida Statutes, and therefore was grounds for vacating a default judgment of the corporate defendant. Id. at 1266; See also Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993) (affirming the lower court's order quashing service of process because "service on the business manager does not satisfy the requirements for obtaining personal service on an individual pursuant to section 48.031, Florida Statutes (1991)").
As to the issue of waiver, it is defined as "the intentional relinquishment of a known right." Fireman's Fund Ins. Co. v. Vogel, 195 So.2d 20, 24 (Fla. 2d DCA 1967). "Absent knowledge, a waiver will not arise." City of N. Miami Beach v. Flora, 315 So.2d 12, 15 (Fla. 3d DCA 1975). "Whether a waiver has occurred in any given situation is generally a question of fact." Hill v. Ray Carter Auto Sales, 745 So.2d 1136, 1138 (Fla. 1st DCA 1999).
Service of Process can be waived in three ways. Trawick, Fla. Prac. & Proc. § 8-2 (2005 ed.). First, the defending party can voluntarily serve responsive pleadings, motions, or papers. Id.; see Beckwith v. Bailey, 119 Fla. 316, 161 So. 576 (1935). Second, the defending party can authorize his attorney to accept the initial pleadings without service of process. Id.; see Hervis v. Valdez, 381 So.2d 733 (Fla. 3d DCA 1980). Third, a defending party can agree to accept service of process by mail. Id.; see Barker v. Greenstreet Fin., 823 So.2d 195 (Fla. 3rd DCA 2002).
In Caban v. Skinner, service was made on an employee at the defendant's residence. 648 So.2d 251, 251 (Fla. 3d DCA 1994). The third district held that service of process in such a manner was invalid and the trial court should have quashed service of process. Id.
Here, Anthony did not waive his right to personal service through any of the three accepted methods, as the record does not reflect that he (1) waived personal service; (2) tried to evade service; or (3) gave anyone authority to accept process for him. Thus, the trial court had no legitimate basis to find that Anthony waived his right to personal service or that his co-worker was authorized to waive his rights for him. See Stoeffler, 629 So.2d 196, 197 (quashing service of process on defendant where record did not support that defendant waived personal service, tried to evade service, or gave anyone authority to accept process for him).
Neither the record nor transcript contains evidence that Anthony waived his right to personal service. There was not sufficient evidence that Crown was authorized to accept service as Anthony's agent. Accordingly, we reverse the trial court's denial of Anthony's motion to quash service of process and remand for further proceedings in accordance with this opinion.
Reversed and Remanded.
GUNTHER, WARNER and POLEN, JJ., concur.