PER CURIAM.
Appellant, Peter Kopecky (husband), appeals from the trial court’s sua sponte dismissal of his petition for dissolution of his marriage to Appellee, Lucia Kopecka (wife),[1] for lack of jurisdiction and improper venue. We reverse and remand.
The husband was married to the wife on July 17, 1993 in Slovakia. The parties have one minor child, born in Slovakia on March 15, 1994. The family moved from Slovakia to North Carolina in 2001. When the husband came home one day, the wife and child were gone and he has not seen them since. The husband moved to Hills-borough County, Florida, in December 2003 and has resided there ever since.
On January 8, 2007, the husband filed a petition for dissolution of marriage with dependent or minor child, in Broward County circuit court, alleging that the whereabouts of the wife and child were unknown. He simultaneously filed an affidavit of diligent search and inquiry. Constructive service of process was effected by publication pursuant to sections 49.011 and 49.021, Florida Statutes (2007). The clerk of the court entered a default on February 23, 2007, and the matter was set for final hearing on March 6, 2007. Following the *1111 hearing, the court sua sponte dismissed the petition, without prejudice, stating: (1) “the Court lacks jurisdiction, service by [publication in Broward County is improper,” and (2) “venue in Broward County is improper.” This appeal followed and no brief has been filed on behalf of the wife.
The husband argues that the trial court erred in dismissing his petition on the grounds that it lacked jurisdiction because service by publication in Broward County was improper. We agree.
The standard of review for the issue of personal jurisdiction over a nonresident is ... de novo. Anthony v. Gary J. Rotella & Assocs., P.A., 906 So.2d 1205, 1207 (Fla. 4th DCA 2005) (citation omitted).
Service by publication is the statutorily designated mode of obtaining service of process over a spouse who is not a resident of the State of Florida. See Arnstein v. Arnstein, 422 So.2d 1052, 1053 (Fla. 4th DCA 1982). Section 49.011(4), Florida Statutes (2007), provides that “[sjervice of process by publication may be made in any court on any party identified in s. 49.021 in any action or proceeding ... [f]or dissolution or annulment of marriage.” Section 49.021(1) provides in pertinent part that service by publication may be made on “[a]ny known or unknown natural person.” A plaintiff suing a natural person must file a sworn statement stating the following:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
(2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person’s age is unknown; and
(3)In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant; ■ or
(b) In some state or country other than this state, stating said residence if known; or
(c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.
§ 49.041, Fla. Stat. (2007). Thereafter, the plaintiff must publish a notice of action “once during each week for 4 consecutive weeks (four publications being sufficient) in some newspaper published in the county where the court is located. The newspaper shall meet such requirements as are prescribed by law for such purpose.” § 49.10(1)(a), Fla. Stat. (2007). Finally, the plaintiff must file an affidavit constituting proof of publication with the trial court, with a copy of the publication attached. § 49.10(2), Fla. Stat. (2007).
The husband complied with each of these requirements. He filed an affidavit of diligent search and inquiry. Thereafter, he filed a notice with the court with his proof of publication attached; a copy of the notice of action he published in the Broward Daily Business Review on 1/12/2007, 1/19/2007, 1/26/2007, and 2/2/2007. He also filed a notarized certification from the Broward Daily Business Review’s Administrative Assistant averring that the notice was published in its paper on those dates.
Because the husband met all of the requirements for service by publication, the trial court erred in dismissing his action for lack of jurisdiction.
*1112 The husband claims next that the trial court erred in dismissing his action for improper venue. We agree.
The standard of review for an order on a motion to transfer or dismiss for improper venue is abuse of discretion. Carr v. Stetson, 741 So.2d 567, 568 (Fla. 4th DCA 1999).
“It is well-established that venue [for the purposes of applying the venue statute, section 47.011, Florida Statutes], in an action for dissolution of marriage, lies in the county where the parties last lived with a common intent to remain married.” Butler v. Butler, 866 So.2d 1280, 1281 (Fla. 4th DCA 2004) (citing Carroll v. Carroll, 341 So.2d 771, 772 (Fla.1977)); see also Bowman v. Bowman, 597 So.2d 399, 399 (Fla. 1st DCA 1992) (citing Carroll). Section 47.011, Florida Statutes (2007), provides: “Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.” § 47.011, Fla. Stat. (2007) (emphasis added).
Section 47.011 does not apply to this case because the wife is a nonresident. Moreover, there is no county in Florida where the parties last lived with a common intent to remain married, as the wife never resided in Florida. See Butler, 866 So.2d at 1281. The dissolution statute requires only that “one of the parties to the marriage must reside 6 months in the state before the filing of the petition.” § 61.021, Fla. Stat. (2007). The husband has resided in Hillsborough County, Florida since December 2003. Accordingly, we find that although the husband is a resident of Hills-borough County, there is no authority precluding him from bringing his dissolution action in Broward County, and the trial court abused its discretion in dismissing his action on this basis.

Reversed and Remanded for Further-Proceedings.

STONE, STEVENSON and HAZOURI, JJ., concur.

. The wife’s name is listed as "Kopecka” in all pertinent documents.