# Third District Court of Appeal

## State of Florida

Opinion filed December 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-811
Lower Tribunal No. 20-25350 CC
_____

**Vulcan Equities, LLC,**
Appellant,

vs.

**Meredith K. Yarbrough, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Eddy Leal, P.A., and Eddy Leal, for appellant.

No appearance for appellees.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

## INTRODUCTION

Vulcan Equities, LLC, the plaintiff in the proceedings below, appeals a final order dismissing (without prejudice) its complaint against defendant Catarino Felan, III, for lack of service of process.[1] We reverse, because Felan waived the defense upon which the trial court relied for its order of dismissal.

## FACTS AND BACKGROUND

In October 2020, Vulcan, a property owner, filed suit against Felan and Meredith Yarbrough to recover past due rent pursuant to a lease agreement executed by Felan and Yarbrough.[2] On January 22, 2021, Felan filed a motion to dismiss, alleging he had not been served with the summons and complaint.

At the hearing on Felan's motion to dismiss, Vulcan asserted the defense of lack of service of process had been waived because Felan filed and served two earlier responsive pleadings that failed to raise this defense. Vulcan presented the trial court with copies of these two prior responsive

---

[1] Felan has not entered an appearance in this appeal, and has not submitted an answer brief.

[2] Vulcan later settled its claim against Yarbrough, who is not involved in this appeal.

pleadings, each of which indicate on their face that they were electronically filed with the court and served contemporaneously on Vulcan's counsel:

1.    The January 8, 2021 responsive pleading is a single document entitled "Defendant's Response to Complaint", which contains an Answer, Defenses, and a Request to Determine Rent.

2.    The January 21, 2021 responsive pleading is comprised of two documents: the same "Defendant's Response to Complaint" which includes the identical answer and defenses, and a separate pleading entitled "Motion to Determine Rent and Request for Hearing."

Critically, neither the January 8 nor January 21 responsive pleadings raised the defense of insufficiency of process, insufficiency of service of process, or lack of personal jurisdiction.  See Fla. R. Civ. P. 1.140(b) (providing that the defense of insufficiency of process, insufficiency of service of process, or lack of jurisdiction over the person must be asserted either in the responsive pleading to a claim or by motion before the responsive pleading is filed); Fla. R. Civ. P. 1.140(h)(1) (providing that, subject to exceptions not applicable here, a party "waives all defenses and objections that the party does not present either by motion under subdivision (b), (e) or (f) or, if the party has made no motion, in a responsive pleading); Dolan v. Dolan, 81 So. 3d 558, 559 (Fla. 3d DCA 2012) (reversing trial court's order dismissing petition for insufficient of process because respondent waived the service of process issue when she failed to include such defense in her motion to dismiss for failure to state a claim); Berne v. Bezos, 819 So.

3

2d 235 (Fla. 3d DCA 2002) (holding that pleading to the merits without raising objection to service of process or lack of personal jurisdiction waives those defenses); Parra v. Raskin, 647 So. 2d 1010 (Fla. 3d DCA 1995) (noting that the failure to raise the defense of insufficient service of process at the inception of a case, in either a motion or responsive pleading, constitutes a waiver of that defense).

At the hearing on the motion to dismiss, Vulcan established that Felan did in fact contemporaneously serve Vulcan with a copy of the January 8 and January 21 responsive pleadings, both of which pleaded to the merits of Vulcan's complaint, but neither of which raised the defense asserted in Felan's subsequent motion to dismiss.[3] Although the trial court acknowledged Felan served these prior responsive pleadings on Vulcan, and that neither of these responsive pleadings raised a challenge to

---

[3] At the hearing on the motion to dismiss, Felan acknowledged that he did attempt to file these pleadings by sending them to the clerk's office through the e-filing portal. However (and for reasons that remain unclear), the clerk's office did not docket the January 8 and January 21 pleadings. Vulcan presented the trial court with copies of the January 8 and January 21 pleadings, each of which contained a notation at the upper left corner of the first page, e.g., "Filing # 119274834 E-Filed 01/08/2021 09:04:40 AM." Vulcan also provided the trial court with the documents generated by the Florida Courts E-Filing Portal, indicating that Felan electronically filed each of these pleadings with the court and electronically served each of these pleadings on counsel for Vulcan.

sufficiency of process, sufficiency of service of process, or personal jurisdiction, the trial court determined it would only rely upon what was docketed by the clerk, and dismissed without prejudice Vulcan's complaint against Felan.  This appeal followed.

**ANALYSIS AND DISCUSSION**

We have jurisdiction to review a nonfinal order of dismissal for lack of personal jurisdiction, see Florida Rule of Procedure 9.130(a)(3)(C)(i), and we review the order de novo.  Anthony v. Gary J. Rotella & Assocs., 906 So. 2d 1205 (Fla. 4th DCA 2005).

We reverse the trial court's order because, by serving a responsive pleading without raising the defense of lack of service of process, Felan waived the defense and could not raise it in his subsequently filed motion to dismiss.  As we held in  Avael v. Sechrist, 305 So. 3d 593, 597 (Fla. 3d DCA 2020):

> Service of process may be waived in three ways: (1) when the defendant voluntarily **serves** responsive pleadings, motions, or papers; (2) when a defending party authorizes the party's attorney to accept the initial pleadings without service of process; and (3) when a defending party agrees to accept service of process by mail."

(quoting Anthony, 906 So. 2d at 1208) (emphasis added).

Although Felan's two prior responsive pleadings, dated January 8 and 21, 2021, were not docketed by the court clerk, it is undisputed that they

5

were served contemporaneously on Vulcan. It is also undisputed that Felan attempted to file these pleadings with the clerk by sending them through the electronic filing portal, an acknowledgment supported by the documents provided by Vulcan to the trial court. We conclude that Felan's service of these two responsive pleadings on Vulcan, neither of which raised a challenge to personal jurisdiction or service of process, waived those challenges and could not validly be asserted in a subsequently served motion to dismiss.[4]

We therefore reverse the order dismissing the complaint without prejudice and remand the cause to the trial court for further proceedings.

---

[4] In addition, Felan sought affirmative relief in his January 8 and January 21 responsive pleadings, conduct inconsistent with an initial defense that raises a personal jurisdiction challenge. See Babcock v. Whatmore, 707 So. 2d 702, 704 (Fla. 1998) (holding "a defendant waives a challenge to personal jurisdiction by seeking affirmative relief—such requests are logically inconsistent with an initial defense of lack of jurisdiction.")

6